(September 17, 1968)

■ GAIL C. McDONALD, as Administratrix of the Estate of JAMES E. McDONALD, III, Deceased, Appellant, v. GORE MT. SKI LIFT CORPORATION, Respondent.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court at Special Term entered January 15, 1968 in Albany County granting defendant's motion for an examination before trial of James E. McDonald as a witness. Examinations before trial are permitted of "any person where the court on motion determines that there are adequate special circumstances." (CPLR 3101, subd. [a], par. [4].) Thus, examinations of a witness are permitted when it is established that the witness is hostile, or where the witness has special or exclusive knowledge of the facts in issue. (*Southbridge Finishing Co.* v. *Golding,* 2 A D 2d 430.) In support of the motion the defendant submitted only an affidavit by an attorney stating on information that the said James E. McDonald was a witness to the accident and had special knowledge of the facts and circumstances surrounding its happening. This affidavit, standing alone, is insufficient to sustain the burden upon the party seeking the examination of establishing special circumstances to entitle it to the examination. (*Posner* v. *Morgenstern,* 19 A D 2d 811; *Di Geronimo* v. *Plotnick,* 39 Misc 2d 497.) The motion papers are in other respects deficient in meeting the general and well understood requirements in cases such as this. Order reversed, on the law and the facts, without prejudice to a renewal of the motion upon a proper showing of the facts, with costs to appellant. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.

(September 20, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MELVIN EARL KNAPP, Petitioner, v. CHARLES L. McKENDRICK, as Warden of Wallkill Prison, Respondent.— Application for a writ of habeas corpus, addressed to the Presiding Justice as such and therefore treated as an application to the court, denied. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

(September 25, 1968)

■ In the Matter of the Claim of SOLOMON MERKER, Respondent, v. ARON STREIT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Application for permission to appeal upon a shortened form of record denied, without costs. (General Rules and Procedure of the Workmen's Compensation Board, rule 17, subd. [c], par. [i]; 12 NYCRR 300.18[c][1]; see, also, Rules of Practice of the Supreme Court, Appellate Division, Third Department, rule 14.) Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.