■ HELAINE SILVAN, Appellant, v MARK SILVAN, Respondent. — Order of the Supreme Court, New York County (Ascione, J.), entered on September 7, 1982, which, *inter alia,* denied plaintiff-appellant's motion for an order directing defendant-respondent to furnish books, records, and tax returns of defendant's professional corporation for examination of his calculations of net professional income, upon which is based his alimony and child support payments pursuant to a separation agreement entered into by the parties, unanimously reversed, on the law and the facts, without costs, and the motion granted. On November 24, 1975, plaintiff and defendant entered into a separation agreement pursuant to which amounts for alimony and child support would be determined according to the defendant husband's "net professional income." On May 24, 1982, plaintiff sought an order directing defendant to furnish financial data based on defendant's alleged refusal to explain his method of computing his net income, his refusal to consent to examination of the books and records of his professional corporation, and his alleged reduction of monthly payments due plaintiff by $147.50 per month, in violation of the separation agreement. Defendant and his second wife are psychologists. Defendant's tax returns for the years 1977 through 1980 show an increase in his second wife's income and a decrease in his income. Plaintiff argues that examination of defendant's business records is the only means of enforcing the provisions of the separation agreement. Defendant contends that divulgence of his records would constitute an abrogation of the doctor-patient privilege. Copies of tax returns supplied by a husband are not necessarily conclusive in determining the issue of his "net professional income." (*Legname v Legname,* 43 AD2d 543.) In order to effectuate the provisions of the separation agreement, there should be further disclosure of defendant's business records. Because the patients are entitled to confidentiality, an order should be settled which will allow the wife access to the records while at the same time protecting the confidentiality of the patients' identities. Settle order. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Alexander, JJ.