OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this action for damages for libel, plaintiffs and defendants both sought under CPLR 3101 (subd [a], par 4) and CPLR 3120 (subd [b]) disclosure of confidential investigative reports of the nonparty respondent concerning police scandals which occurred in 1972. Respondent opposed disclosure on the basis of the “public interest” privilege (see Cirale v 80 Pine St. Corp., 35 NY2d 113), claiming that release of the reports would trigger reprisals against confidential informants and impair its ability to conduct future investigations. Special Term granted the motions but ordered redaction of the names of informants. The Appellate Division reversed, on the law, holding that Special Term had abused its discretion in ordering disclosure.
Whether or not adequate special circumstances have been shown to support discovery against a nonparty is generally a determination to be made upon a review of the facts, and rests within the sound discretion of the court to which application is made (see Matter of U.S. Pioneer Electronics Corp. [Nikko Elec. Corp.], 47 NY2d 914, 916). The intermediate appellate court, here the Appellate Division, may review a determination for abuse of discretion; moreover, since it is vested with the same power and discretion as Special Term, the Appellate Division may also substitute its own discretion even in the absence of abuse (see Matter of Attorney-General of State of N. Y. v Katz, 55 NY2d 1015), which is then reviewable by us only for abuse of discretion as a matter of law.
We conclude that the Appellate Division here substituted its own discretion for that of Special Term (see Matter of Von Bulow, 63 NY2d 221). Recognizing, as did Special Term, that the right of a litigant to obtain evidence must at times give way to the public interest in facilitating investigations, the Appellate Division found that “speculation, *1033 fueled by disclosure of the reports, could subject sources to reprisals and imperil any future investigation of a similar nature.” (Brady v Ottaway Newspapers, 97 AD2d 451,452.) This finding reflects that the Appellate Division did its own balancing of the special circumstances and disagreed with Special Term’s view, on the facts, that simply redacting names would sufficiently protect respondent’s interests. Thus, the decision indicates an exercise of discretion by the Appellate Division which the appellants do not even claim to have been an abuse as a matter of law.
The only issue presented by the question certified is whether the Appellate Division had the power to deny the discovery motions in the exercise of its own discretion. We conclude that the Appellate Division had that power, and pass on no other issue (Serenity Homes v Town Bd., 37 NY2d 841).