■ KATHRYN BRIGER, Appellant-Respondent, v PETER BRIGER, Respondent-Appellant.

The wife has instituted this action for divorce. The parties were married in 1962 and have three children, aged 21, 18, and 13. The husband, a lawyer who conducts his practice as a sole practitioner and specializes in international tax law, has admitted that he regularly invests in diverse tax shelters. The wife served him with a lengthy set of interrogatories (65 interrogatories, 353 subparts and 12 demands for production of documents) which seeks to elicit information with respect to the husband's financial status.

The husband moved to strike the interrogatories in their entirety on the ground they were unduly broad and unreasonably oppressive. In opposition, the wife argued that the extensive use of interrogatories was necessary to examine fully the husband's holdings. Special Term granted the motion only to the extent of striking interrogatories 14 (m) (n) (o) (p) (q) (r), 24, 52, 53, 57, 58, 59 and 60 as either improper or burdensome. Both

sides have appealed. Although the interrogatories at issue are rather detailed and exhaustive we do not believe they are oppressive to the point that vacatur in toto is warranted. Nor are we unmindful of the meticulous manner in which Special Term pruned these interrogatories. We do, however, find that further pruning and modification is in order.

Interrogatory 14 requests information concerning each "business, partnership, corporation proprietorship, limited venture, tax shelter business trust or other investment and/or enterprise in which [the husband has] an interest". A law practice is a proper subject for a distributive award in lieu of equitable distribution upon dissolution of the marriage. (*Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918.) Much of the information requested by interrogatory 14, insofar as it relates to the husband's law practice, is readily ascertainable from billing and time statements, and accountant's ledgers. Interrogatory 14 (p), which requires the services of a business appraiser upon whose conclusions the wife's counsel would hardly be expected to rely, was also properly stricken since little purpose would be served in requiring the husband to supply the information sought.

With regard to the husband's other business interests, especially the closely held corporations, Special Term properly noted that under equitable distribution the parties to a matrimonial action are entitled to a searching exploration of each other's assets and dealings at the time of and during the marriage in order to distinguish marital from separate property, to uncover hidden assets, and possible waste of marital property. (*Kaye v Kaye,* 102 AD2d 682, 686, and cases cited therein.) This searching exploration is more than justified in the case of close corporations, the ownership of which is in the hands of a small number of stockholders and for which there is little objective evidence of fair market value. Nor is there any compelling showing that this reasoning should not be extended to such business entities as joint ventures, limited partnerships and proprietorships. Domestic Relations Law § 236 (B) (5) (d) mandates that the court examine the financial conditions of the parties prior to and during marriage in order equitably to distribute property upon dissolution of the marriage. Consequently, a spouse with a minority interest in a business enterprise may be required to supply financial information to the extent it is within the party's "possession, custody and control." Therefore, it was error to strike subdivisions (m), (n), (o), (q) and (r) of interrogatory 14, each of which should be reinstated. Special Term properly struck interrogatory 24 in its entirety. The wife's request to identify the husband's accountants, stock-

brokers, corporate attorneys and advisors during the past five years is unreasonable.

Special Term struck interrogatories 52 and 53, which sought information regarding the husband's alleged corespondents. In *McMahan v McMahan* (100 AD2d 826, 827), this court stated that absent "exceptional circumstances", disclosure with regard to particular acts of marital misconduct is unwarranted. The wife's argument concerning dissipation of marital property is unconvincing and does not establish the exceptional circumstances to justify disclosure of the information sought.

Interrogatory 57, which seeks 10 items of information as to any property with a value in excess of $250 acquired by the husband either before the marriage or after the commencement of this action, was properly stricken as being burdensome. Interrogatory 58, which seeks information concerning gifts to the husband from the wife, a matter concerning which no one knows more than the wife, is obviously intended to vex. It was also properly stricken. Interrogatory 59, however, which pertains to gifts in excess of $500 from third parties, is not unreasonable in its demands. We assume that 59 (a) should read donor instead of donee. Thus, this interrogatory should be reinstated.

Interrogatory 60 pertains to the wife's separate property in which the husband claims an interest. Since the increase in value is excluded from the statutory definition of separate property "to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]), the wife is entitled to know in which separate property the husband may claim an interest. That interrogatory should be reinstated.

The husband's cross appeal is, for the most part, without merit. Those interrogatories which call for the data supporting the information disclosed in the parties' net worth statements are proper. In instances where the information has previously been disclosed, the husband should merely refer to the prior disclosure. The number, approximately 80 in all, and complexity of the husband's financial interests and his expertise in the use of tax shelters require that the wife be given access to a sufficient amount of information to provide her with an accurate picture of his finances.

The husband does, however, have legitimate objections to interrogatories 4 (h) and (i); 6 (j) and (k), which call for an appraisal of the market value of the parties' residences, both at the time the summons was served and at present. Interrogatory 7 (m) seeks the present fair market value of any other real estate in which he has an interest. Interrogatories 14 (d) through (h)

request the market value of the husband's business interests. As already noted, it would be wasteful to require the husband to hire experts to render estimates as to value when the wife will undoubtedly challenge them at trial. The wife is free to hire her own experts and may seek an award, pendente lite, to pay their fees. (*Kaye v Kaye,* 102 AD2d, at p 686.) Concur — Sullivan, J. P., Carro, Fein and Milonas, JJ.