OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, with
 
 *647
 
 costs to appellants-respondents, by reversing so much of the order which granted petitioner’s motion for discovery of data with the S/I notations, and as so modified, affirmed, and the certified question answered in the negative.
 

 In these proceedings brought pursuant to article 7 of the Real Property Tax Law seeking to review the correctness of assessments on petitioner’s property, respondents Finance Administrator and the Tax Commission of the City of New York appeal and petitioner taxpayer cross-appeals, by permission of the Appellate Division, from an order of the Appellate Division affirming a modified discovery order of Supreme Court. The Appellate Division has certified to us the question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?”
 

 The order of the Appellate Division granted petitioner’s motion for production, inspection and copying of various data regarding sales of real property in the City of New York including verifications of sales together with notations of the assessment staff as to the significance or insignificance of reported transfers (S/I notations) but denied the request for computation sheets, guidelines or reports showing the fractional assessment rates used by the city assessors and denied the request to examine before trial employees of the city without prejudice to seek leave to conduct such examinations after the production of documents.
 

 The grant or denial of discovery being discretionary, we interpret the question certified as asking whether the Appellate Division had the power to grant in part and deny in part the discretionary relief. We conclude that the Appellate Division had that power
 
 (Herrick v Second Cuthouse,
 
 64 NY2d 692, 693;
 
 Brady v Ottaway Newspapers,
 
 63 NY2d 1031, 1033). Having so determined, the only issue reviewable by this court is whether the exercise of that power was an abuse of discretion as a matter of law
 
 (Herrick v Second Cuthouse, supra; Brady v Ottaway Newspapers, supra).
 

 On July 26, 1986, the Legislature amended Real Property Tax Law § 720 (3) (L 1986, ch 679) to limit the evidence admissible in a proceeding pursuant to article 7 on the issue of inequality so as to permit the class ratios promulgated by the State Board of Equalization and Assessment (SBEA) to be received in evidence to prove the ratio of assessment and to
 
 *648
 
 eliminate the use of actual sales in making such proof.
 
 *
 
 The information provided by S/I notations is only relevant to proof of ratio by actual sales, a method no longer available to prove inequality of assessments. Under these circumstances, the requested data would have no relevancy to any issues that may be raised in this proceeding (CPLR 3101). Accordingly, it was an abuse of discretion as a matter of law to grant petitioner’s motion for discovery of the verification of sales data with the S/I notations.
 

 Petitioner contends that the relevance of the computation sheets, guidelines or reports used by the city assessors is unaffected by the legislation as they are potentially admissible to create an estoppel against the city or as admissions or declarations against interest. However, the assessment ratio guidelines used by the city are not material and necessary to the prosecution or defense of this proceeding as the formulas or policies used by the city assessors are irrelevant to the issues raised in the judicial proceeding authorized by RPTL article 7. The assessment review proceeding is limited to a determination of the correctness of the assessment and not a review of what the assessor did or how he arrived at his conclusion (RPTL 720 [3]). Accordingly, the denial of petitioner’s request for discovery of the computation sheets, guidelines or reports was not an abuse of discretion as a matter of law. Likewise, we find no abuse of discretion as a matter of law in the denial of petitioner’s request for examinations before trial of city employees (CPLR 3101).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order modified, with costs to appellants-respondents, in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.
 

 *
 

 The legislation requires the SBEA to promulgate class ratios for 1982 and 1983 as soon as practicable but not later than January 1, 1987. If such ratios are not promulgated by such date, actual sales of real property within the assessing unit may be given as evidence on the issue of whether an assessment is unequal but only until the SBEA class ratios are established. Petitioner argues that it is not yet certain that the SBEA will establish the required ratios and hence that evidence of actual sales will be inadmissible. In rejecting this argument, we would note that it was conceded at oral argument that the relevant ratios have been published and issued as of October 27, 1986.