■ JOHN A. DIOGUARDI, Respondent, v ST. JOHN'S RIVERSIDE HOSPITAL, Appellant. JOHN TULENKO, Nonparty Respondent.—

In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Westchester County (Marbach, J.), entered August 11, 1987, which (1) granted the plaintiff's motion to quash a subpoena and notice for deposition served upon nonparty witness Dr. John Tulenko, and (2) denied its cross motion to compel Dr. Tulenko to appear for a deposition.

Ordered that the order is affirmed, with costs to the nonparty respondent.

The plaintiff suffered a cut on his left hand and left forearm and was treated at the defendant hospital's emergency room on December 12, 1982. Approximately two weeks later, on December 27, 1982, Dr. John Tulenko admitted the plaintiff into St. Clare's Hospital. Dr. Tulenko's notes indicate that the plaintiff's original injury, sustained on December 12, had been aggravated by an infection which developed during the course of the plaintiff's employment. The Supreme Court refused to direct a deposition of Dr. Tulenko as a nonparty. We affirm.

It is proper to direct disclosure against a nonparty witness only in the presence of adequate special circumstances (see, Cirale v 80 Pine St. Corp., 35 NY2d 113, 116-117). This requirement survived the 1984 amendment to CPLR 3101 (a) (4) (L 1984, ch 294; see, New England Mut. Life Ins. Co. v Kelly, 113 AD2d 285; Slabakis v Drizin, 107 AD2d 45, 48). The existence of such "special circumstances" may be shown by establishing that the information sought to be discovered cannot be obtained from other sources (O'Neill v Oakgrove Constr., 71 NY2d 521, 526). The existence of "special circumstances" is not established, however, merely upon a showing that the information sought might be relevant (Cirale v 80 Pine St. Corp., supra).

Whether "special circumstances" have been shown to exist in a particular case is a question committed to the sound discretion of the court to which the application for discovery is made (Brady v Ottaway Newspapers, 63 NY2d 1031, 1032). In the present case, the court did not abuse its discretion in denying disclosure. The defendant's claim that Dr. Tulenko advised the plaintiff to lie about the origin of his injury is manifestly without foundation. Otherwise, Dr. Tulenko's only connection with the case is as one of several physicians who treated the plaintiff for the injuries allegedly caused by the defendant's malpractice. We decline to hold that a defendant in a personal injury action may, as of right, depose any and all physicians who are shown to have treated the injuries claimed by the plaintiff. More than mere relevance and mate-

riality is necessary to warrant disclosure from a nonparty (see, *Cirale v 80 Pine St. Corp., supra*). There has been no satisfactory showing that Dr. Tulenko's deposition might yield any information material to the issue of damages not already available from other sources, such as hospital records. Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.