■ DONALD F. SIMPSON, Respondent, v K MART CORPORATION, Appellant. (And a Third-Party Action.) [599 NYS2d 186] — Levine, J. Appeal from that part of an order of the Supreme Court (Keegan, J.), entered May 29, 1992 in Albany County, which granted plaintiff's motion to quash a subpoena duces tecum.

This is a products liability action for an injury to plaintiff's eye allegedly caused by being struck by a defective bungee cord sold to plaintiff by defendant. During the course of pretrial discovery defendant was furnished various medical records of plaintiff's treatment for the eye injury. Among them was a report of examination and treatment by Ronald Carr, a New York City opthalmologist, apparently upon a referral from plaintiff's local attending opthalmologist. Carr's report cast doubt on the seriousness of plaintiff's retinal or optic nerve damage and his claimed loss of vision.

Defendant thereafter served plaintiff with a notice to take the deposition of Carr as a nonparty witness at his office in New York City and a subpoena duces tecum for such deposition was served upon him. Plaintiff then moved to quash the notice and subpoena on the ground that defendant had failed to adequately set forth any special circumstances to justify deposing a nonparty witness, as required by CPLR 3101 (a) (4). Supreme Court agreed with plaintiff and granted an order quashing the subpoena and containing a protective order with respect to the notice of examination of Carr. This appeal followed.

Plaintiff has not contested defendant's averment that Carr resides in the New York City area, a distance of more than 100 miles from the place of trial in this action venued in Albany County. This being so, deposing him as a nonparty witness was specifically authorized without any further showing under CPLR 3101 (a) (3), and compliance with the additional requirements of CPLR 3101 (a) (4) was unnecessary *(see,* Siegel, NY Prac § 345, at 494 [2d ed]).

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered

that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed.