■ Charlotte-Anne B. King, Appellant, v State Farm Mutual Automobile Insurance Company, Respondent. [604 NYS2d 302] —Mahoney, J. Appeal from an order of the Supreme Court (Brown, J.), entered October 27, 1992 in Saratoga County, which granted defendant's motion to quash a subpoena to depose a nonparty witness.

In this action against defendant to recover no-fault benefits, plaintiff issued a subpoena to depose the physician who performed an independent medical examination of her at defendant's request. Defendant moved to quash the subpoena, noting that plaintiff already had a copy of the physician's report and findings in her possession and arguing that no special circumstances existed to warrant the deposition. Supreme Court agreed with defendant and granted the motion. Plaintiff appeals.

We affirm. Disclosure against a nonparty is available only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial (see, e.g., Dioguardi v St. John's Riverside Hosp., 144 AD2d 333, 334). Whether such special circumstances have been shown to exist is a sui generis inquiry committed to the sound discretion of the court to which the application is made (see, Brady v Ottaway Newspapers, 63 NY2d 1031, 1032).

Here, we discern no abuse of discretion. Quite simply, plaintiff has not shown how obtaining additional information from this doctor, whose findings and opinions she already has, is necessary to prepare for trial. Under prevailing authority, the bare assertions contained in the subpoena that the deposition is "material and necessary" and "needed and necessary to prepare for trial" are insufficient, in and of themselves, to constitute special circumstances (see, Cirale v 80 Pine St. Corp., 35 NY2d 113, 116-117). While plaintiff provides a bit more specificity in her opposition papers, arguing that the material to be obtained from the doctor is "directly connected" to defendant's denial of no-fault benefits, such merely establishes that the information sought might be relevant. However, it is equally clear that mere relevance also is not enough to establish special circumstances (see, e.g., Dioguardi v St. John's Riverside Hosp., supra).

Crew III, J. P., Cardona, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.