■ BAII BANKING CORPORATION, Respondent, v NORTHVILLE INDUSTRIES CORP., Appellant. [612 NYS2d 141] —Order, Supreme Court, Suffolk County (Robert W. Doyle, J.), entered December 20, 1991, which granted plaintiff's motion for reargument and,

upon reargument, denied defendant's motion for an order issuing letters rogatory and a commission for obtaining documents and testimony from non-party Banque Arabe et Internationale d'Investissement in Paris, France, pursuant to the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, unanimously reversed, to the extent appealed from, on the law, and defendant's motion for issuance of letters rogatory and a commission for obtaining documents and testimony from Banque Arabe pursuant to the Hague Convention is granted, without costs.

Order of the same court, entered January 30, 1992, which denied defendant's motion to vacate plaintiff's note of issue and certificate of readiness dated May 22, 1991, unanimously reversed, on the law, and defendant's motion granted, without costs.

Inasmuch as plaintiff acknowledges that, at the time of the transaction in issue, it was affiliated with Banque Arabe, a French corporation which is not a party to this action and which is now the owner of another similarly named corporation which owns plaintiff, Hague Convention discovery from Banque Arabe should have been granted.

CPLR 3101 (a) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action" by a non-party in the following pertinent circumstances:

"(3) a person * * * residing at a greater distance from the place of trial than one hundred miles * * * and

(4) any other person, upon notice stating the circumstances or reasons such disclosure is sought or required."

Aside from the obvious fact that Banque Arabe, a resident of France, comes under CPLR 3101 (a) (3) *(see, Simpson v K Mart Corp.,* 194 AD2d 966), the "circumstances" requirement of CPLR 3101 (a) (4) was amply met. In construing a pre-1984 version of the statute, which used the phrase "special circumstances", this Court held that

"[t]he cases have interpreted the statutory requirement most liberally to give effect to the strong policy favoring full disclosure to adequately prepare for trial * * * the showing needed under CPLR 3101 (a) (4) 'is truly a nominal one' *([Villano v Conde Nast Publs.]* 46 AD2d, at p 120) * * *

"If we were to apply the amended statute [the 1984 amendment dropped the phrase 'special circumstances'] here, we

perceive no legislative intent to depart from the liberal interpretation heretofore accorded to the 'special circumstances' standard in the former legislation." *(Slabakis v Drizin,* 107 AD2d 45, 46-48.)

Under the prior standard, the requirement of "special circumstances" was found to be met where a non-party was a corporation with a business relationship with a party *(see, Southbridge Finishing Co. v Golding,* 2 AD2d 430). Obviously, inasmuch as the "circumstances" no longer have to be "special", the interpretation of the amended paragraph (4) should be even more generous *(see,* Siegel, NY Prac § 345, at 494 [2d ed]). In this case, plaintiff and Banque Arabe are, at the very least, closely related, if not corporate alter egos. Moreover, on appeal, plaintiff's principal argument against discovery from Banque Arabe is that of relevancy. We note, however, that the IAS Court did not determine that the requested discovery was not relevant. The language of its decision indicates that it found relevance, but denied discovery solely on the ground of lack of special circumstances. In any event, the requested discovery is relevant. Both below and on appeal, plaintiff conceded that Banque Arabe had direct involvement in the transaction, aside from its indirect involvement as an affiliate of plaintiff.

Finally, inasmuch as defendant is entitled to Hague Convention discovery from Banque Arabe, its motion to vacate plaintiff's note of issue and certificate of readiness should have been granted. Concur—Ellerin, J. P., Kupferman, Ross, Nardelli and Williams, JJ.