■ PAUL BUNKLEY, JR., et al., Appellants, v PENSKE TRUCK LEASING CORP., et al., Respondents. [656 NYS2d 882] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Lane, J.), dated March 21, 1996, which denied their motion, *inter alia*, for a protective order and, (2) as limited by their brief, from so much of an order of the same court, dated September 4, 1996, as, upon, in effect, granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated March 21, 1996, is dismissed, as that order was superseded by the order dated September 4, 1996, made upon reargument; and it is further,

Ordered that the order dated September 4, 1996, is reversed insofar as appealed from, the plaintiffs' motion for a protective order is granted, and the order dated March 21, 1996, is vacated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs moved, *inter alia*, for a protective order and to quash a subpoena for the deposition testimony of the plaintiffs' infant daughter, a nonparty to the action. The court erred in denying this relief as the defendants failed to comply with the requirements of CPLR 309 (a) with regard to the service of the subpoena. It is undisputed that the process server did not serve two copies of the subpoena, one on the infant and one on her parent (*see, Kolodzinski v Ferreiras*, 168 AD2d 431). Even if service of the subpoena was proper, the plaintiffs were entitled to a protective order as the defendants failed to show that the information sought from the plaintiffs' daughter could not be obtained from other sources (*see, Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333; CPLR 3101 [a] [4]; *see also, Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032).

Furthermore, the defendants failed to establish that special circumstances warranted disclosure from Paul Bunkley's treating physicians. The defendants' claim that the medical records provided by the treating physicians were insufficient to enable them to prepare for trial was unpersuasive (*see, King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748; *Dioguardi v St. John's Riverside Hosp., supra; Ferrer v Horvath*, 143 AD2d 627). Accordingly, the plaintiffs' motion for a protective order should have been granted. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.