■ JOHN A. FRASER, Respondent, v PARK NEWSPAPERS OF ST. LAWRENCE, INC., Appellant. [668 NYS2d 284] —Yesawich Jr., J.

Appeal from an order of the Supreme Court (Demarest, J.), entered July 22, 1997 in St. Lawrence County, which denied defendant's motion for summary judgment dismissing the complaint.

This defamation action arises out of defendant's publication of a newspaper article indicating that plaintiff had pleaded guilty to a charge of public lewdness, when in fact he had not entered any plea in connection with the charge but had received an adjournment in contemplation of dismissal (hereinafter ACOD; *see,* CPL 170.55; *Grobe v Three Vil. Herald,* 69 AD2d 175, 176-177, *affd* 49 NY2d 932). In addition to erroneously declaring—under the headline "Ogdensburg Man Pleads Guilty to Public Lewdness Charge"—that plaintiff had entered a guilty plea in Ogdensburg City Court, the article correctly noted that "[t]he case was adjourned in contemplation of dismissal for six months, providing there is no more trouble", and explained that the charge had been filed after two women reported having seen plaintiff performing sexual acts "naked in a well lighted room in front of a window", visible from the street. Although the reporter who wrote the story avers that he checked the court files and discovered therein that the case against plaintiff had been resolved by entry of an ACOD, he wrongly assumed—and wrote—that a guilty plea had been entered; it was his mistaken "understanding" that "a plea of guilty [ ] preceded, and was a necessary condition to receipt of, an ACOD".

Defendant sought summary judgment contending that, insofar as the article could be construed as defamatory, it was true; that the report was privileged under Civil Rights Law § 74 as a "fair and true report of [a] judicial proceeding"; and that there is no basis for concluding that defendant had acted in a "grossly irresponsible" manner in publishing the article. The motion was denied and defendant appeals.

The primary argument advanced by defendant is that the defamatory "sting" of the article resulted not from the statement that plaintiff had pleaded guilty to the charge of public lewdness but from the description of the conduct that precipitated his arrest, the truth of which, defendant maintains, plaintiff does not dispute. As defendant perceives it, given the degree to which plaintiff's reputation would have been damaged by any account of the allegedly lewd acts which formed the basis of the charge, its error in reporting the disposition of the case could have had no further appreciable effect on his reputation. We disagree.

The defamatory potential of a particular false statement is

to be ascertained by considering the challenged publication in its entirety; only after doing so can one then determine whether, and to what extent, the falsehood affects the over-all impression left on the average reader (*see, James v Gannett Co.*, 40 NY2d 415, 419-420; *Dibble v WROC TV Channel 8*, 142 AD2d 966, 967). When the subject article is evaluated in this manner, it cannot be said, as a matter of law, that the error did not add to the over-all negative effect of the account, vis-à-vis plaintiff's reputation (*cf., Schermerhorn v Rosenberg*, 73 AD2d 276, 283-284). A report that an individual has been accused of a crime, or of distasteful acts—or even that other people claim to have witnessed such conduct—has an entirely different connotation than one announcing that the accused has in fact admitted, pleaded guilty to or been convicted of engaging in such activity. While the former leaves open the possibility of a more benign explanation—for example, that the complainants were mistaken as to what they saw—the average reader would be less inclined to entertain that thought once informed that the accused had admitted his wrongdoing. Parenthetically, here plaintiff "denied * * * and continue[s] to deny, that [he] * * * ever engaged in any conduct which constitutes public lewdness".

Defendant's remaining arguments are equally unconvincing. Given the brevity of the relevant portion of the subject article, the misrepresentation at issue, which was repeated in the article's prominent headline, cannot be considered such a trivial defect that, despite its inclusion, the report can nevertheless be characterized as a "substantially accurate" account of the judicial proceeding (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67; *compare, Becher v Troy Publ. Co.*, 183 AD2d 230, 236) so as to permit defendant to invoke the protection afforded by Civil Rights Law § 74 (*see, Ocean State Seafood v Capital Newspaper*, 112 AD2d 662, 666). And, in view of the relative ease with which the truth could have been discovered; the reporter's inability or unwillingness to identify, with any specificity, the source of his "understanding" of the nature of an ACOD; his apparent failure to take any steps to verify his belief that plaintiff had, indeed, pleaded guilty; and the lack of any indication that the article was reviewed by anyone else for accuracy prior to publication (*see, Hawks v Record Print. & Publ. Co.*, 109 AD2d 972, 975; *compare, Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 200; *Grobe v Three Vil. Herald, supra*, at 176), it would not be unreasonable to conclude that defendant "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and

dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch, supra,* at 199; *see, Ocean State Seafood v Capital Newspaper, supra,* at 665).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.