■ NADINE ROECK, Respondent, v COLUMBIA-GREENE MEDICAL CENTER et al., Appellants. [670 NYS2d 269] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 10, 1997 in Columbia County, which denied defendants' motion for a commission to depose a nonparty witness located in another State.

Plaintiff commenced this medical malpractice action against defendants seeking damages. At his deposition, defendant Louis Di Giovanni, a physician, testified that both before and after surgery he discussed plaintiff's case with Richard Gio-

vanelli, a Florida orthopedic surgeon who was also plaintiff's brother-in-law and her treating physician following her discharge from the hospital.

Defendants moved to take Giovanelli's deposition as a nonparty witness in Florida under CPLR 3101 (a) (3) and (4). Holding that CPLR 3101 (a) (3) was intended to provide for the circumstance when the out-of-State witness will be unavailable to testify at trial, Supreme Court refused to direct Giovanelli's deposition; the court did, however, permit defendants to serve written questions upon Giovanelli limited to the issue of conversations with Di Giovanni prior to his taking over plaintiff's treatment. Defendants appeal.

We reverse. Plaintiff has not contested defendants' averment that Giovanelli resides in Florida, a distance of more than 100 miles from the place of trial in this action venued in Columbia County. "This being so, deposing him as a nonparty witness was specifically authorized without any further showing under CPLR 3101 (a) (3)" (*Simpson v K Mart Corp.*, 194 AD2d 966; *see, BAII Banking Corp. v Northville Indus. Corp.*, 204 AD2d 223, 224; *Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 240). Although CPLR 3101 (a) (3) does not allow a party to obtain disclosure as a matter of right from another party's treating physician (*see,* Siegel, NY Prac § 345, at 495 [2d ed]; *see also, Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333, 334-335; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:21, at 31), CPLR 3101 (a) (3) does permit a party to obtain disclosure from a person residing more than 100 miles from the place of trial (*see,* CPLR 3101 [a] [3]) even if the person is also plaintiff's treating physician (*see, Simpson v K Mart Corp., supra,* at 966). Therefore, Supreme Court should have ordered the open commission.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.