■ JOHN A. FRASER, Respondent, v PARK NEWSPAPERS OF ST. LAWRENCE, INC., Appellant. [684 NYS2d 332] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 10, 1998 in St. Lawrence County, which granted plaintiff's motion for a protective order with respect to deposition notices sent to certain nonparty witnesses.

The factual background of this matter is more fully set forth in this Court's previous decision which affirmed Supreme Court's order denying defendant's motion for summary judgment dismissing the complaint (246 AD2d 894). It is sufficient to relate that plaintiff brought this defamation action following defendant's publication of a newspaper article in which it was incorrectly reported that plaintiff had pleaded guilty to a charge of public lewdness when, in fact, he had been granted an adjournment in contemplation of dismissal (*see,* CPL 170.55). In preparing its defense, defendant sought to depose four individuals who had allegedly witnessed plaintiff performing the charged acts of public lewdness. Plaintiff objected and moved for an order of protection under CPLR 3103 (a), arguing, *inter alia,* that the testimony of these four nonparty witnesses is irrelevant to his defamation cause of action. Supreme Court granted the motion.

Defendant appeals, contending that the testimony of these individuals is relevant and probative as to whether the essence of defendant's newspaper account was substantially true (*see, Philadelphia Newspapers v Hepps,* 475 US 767, 768-769), i.e., whether plaintiff did indeed engage in public lewdness even though he never pleaded guilty to a criminal charge. Defendant further maintains that the testimony of these witnesses would be relevant to the ascertainment of damages, in that it would show that plaintiff's reputation in the community was already wretched, and thus could not have been damaged further by the misinformation published in defendant's newspaper.

We affirm. The questions posed by the instant defamation action relate primarily to issues of defendant's culpability when publishing the erroneous report (i.e., did defendant act in a "grossly irresponsible" manner) and, if actionable conduct is proven, the extent of plaintiff's damages. Even if it could be demonstrated that plaintiff did engage in lewd conduct, or that others had accused him of doing so, that would not tend to prove the truth of the charged libel, namely, that he had pleaded guilty to a crime (*see, Crane v New York World Tel. Corp.*, 308 NY 470, 477). Nor could the mere fact that plaintiff had been observed performing sexual acts, or had been arrested for or accused of doing so, have provided justification for defendant's assertion that he had essentially conceded his wrongdoing. And, while defendant is certainly entitled to adduce proof of plaintiff's general reputation at the time of publication, in an attempt to show that he was not damaged significantly by the alleged misrepresentation (*see, Kravitz v Long Is. Jewish-Hillside Med. Ctr.*, 113 AD2d 577, 583), evidence of specific acts of wrongdoing is generally not admissible for this purpose (*see, Crane v New York World Tel. Corp., supra*, at 478; *Cudlip v New York Evening Journal Publ. Co.*, 180 NY 85, 87).

Moreover, although defendant contends that the requested depositions may lead to other, admissible evidence, including information that may bear upon plaintiff's credibility or his general reputation in the community, something more than mere relevance or materiality must be shown to obtain disclosure from a nonparty witness (*see*, CPLR 3101 [a]; *King v State Farm Mut. Auto Ins. Co.*, 198 AD2d 748; *Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333, 334). Inasmuch as defendant has not established that it is unable to obtain the information in question from other sources, including the witnesses themselves—they apparently have already voluntarily furnished statements—we are not convinced that Supreme Court erred in granting plaintiff's motion (*see, Jira v Levin-Epstein*, 172 AD2d 495; *Dioguardi v St. John's Riverside Hosp., supra*, at 334-335).

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.