■ MICHELE PEPPERS, Respondent, v DONALD PEPPERS, Appellant. [697 NYS2d 666] —In an action to recover damages for breach of a separation agreement, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), entered March 31, 1999, as granted that branch of the plaintiff former wife's motion which was to compel him to answer her interrogatories 4 through 32.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiff's motion which was to compel the defendant to answer interrogatories 4 through 32, and substituting therefor a provision granting that branch of the motion only to the extent of compelling the defendant to answer interrogatories 4 through 14, 16 through 19, 21, 22, and 25 through 32, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1973 and had two children. In 1983, the parties executed a separation agreement which was incorporated but not merged into the judgment of divorce. Among other terms, the separation agreement required the defendant to pay $3,500 per month for maintenance and support until both children were emancipated. Pursuant to the separation agreement, the defendant was also required to pay the plaintiff 25% of any increase in his gross annual income above $100,000 and 10% of any increase above $150,000. In December 1997 the plaintiff commenced this action to recover the arrears allegedly due under the separation agreement since 1992. In May 1998 she served a set of 32 interrogatories about the defendant's finances. Although the defendant answered the first three interrogatories and provided copies of his personal income tax returns, he refused to answer the remaining 29 interrogatories on the ground that the plaintiff waived her right to any further discovery and, in any event, the interrogatories were irrelevant, overbroad, and unduly burdensome.

Contrary to the defendant's contention, the plaintiff did not

waive her discovery rights in this post-judgment action to enforce the separation agreement. Moreover, his personal tax returns were not necessarily conclusive on the issue of his gross annual income (*see, Silvan v Silvan,* 93 AD2d 790; *Legname v Legname,* 43 AD2d 543). Although interrogatories 15, 20, 23, and 24 request information that is not material or necessary to this action, the remaining 25 unanswered interrogatories are sufficiently narrow and germane to the issue of the defendant's income so that he should be compelled to answer them (*see, Albert v Time Warner Cable,* 255 AD2d 248; *Briger v Briger,* 110 AD2d 526). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.