■ Dennis Vogel, Respondent, v Benwil Industries, Inc., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. Auto Plaza Nissan, Inc., Third-Party Defendant-Appellant. [699 NYS2d 493] —In a negligence action to recover damages for personal injuries, the defendant third-party

plaintiff Benwil Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 17, 1997, as granted that branch of the plaintiff's motion which was for a protective order and denied its motion to compel the deposition of a nonparty witness, Stanley Fein, and the third-party defendant, Auto Plaza Nissan, Inc., separately appeals, as limited by its brief, from so much of the same order as granted those branches of the plaintiff's motion which were for a protective order and to quash a judicial subpoena duces tecum served upon the nonparty witness, Stanley Fein, and denied its cross motion to compel Fein's deposition.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff seeks to recover damages for injuries he sustained as a result of the use of an allegedly defective automobile lift manufactured by the defendant Benwil Industries, Inc. (hereinafter Benwil). A third-party action was commenced by Benwil against the plaintiff's employer, Auto Plaza Nissan, Inc. (hereinafter Auto Plaza). During discovery, the plaintiff's expert, Stanley Fein, inspected the subject lift at Auto Plaza's premises. The lift was later destroyed or sold before it could be inspected by the other parties, and Auto Plaza went out of business.

Auto Plaza served judicial subpoenas upon Fein, directing him to appear for an examination before trial as a nonparty witness and to produce the notes, photographs, and videotape taken during his inspection of the lift. The plaintiff moved, *inter alia*, to quash the subpoenas, and Benwil cross-moved to compel Fein to appear for a deposition. The Supreme Court, *inter alia*, granted that branch of the plaintiff's motion which was to quash the subpoenas and denied the separate cross motions of Benwil and Auto Plaza. We affirm.

Contrary to the contentions of Benwil and Auto Plaza, the disappearance of the lift before their inspection of it does not constitute "special circumstances" (*see,* CPLR 3101 [d] [1] [i]). The lift was available for inspection for a sufficient period of time before its loss or destruction, and the expert witness disclosure submitted by the plaintiff reasonably detailed the subject matter on which his expert is expected to testify (*see,* CPLR 3101 [d] [1] [i]). Thus, upon finding that Benwil and Auto Plaza failed to establish the existence of "special circumstances" (*see, Matter of Validation Review Assocs.,* 237 AD2d 614; *Bunkley v Penske Truck Leasing Corp.,* 237 AD2d 399), the Supreme Court did not improvidently exercise its

discretion in granting those branches of the plaintiff's motion which were to quash the subpoena and for a protective order, and in denying the cross motions.

The remaining contentions of Benwil and Auto Plaza are without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.