■ BROOKLYN FLOOR MAINTENANCE Co., Respondent, v PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant. [745 NYS2d 208] —In an action to recover the proceeds of a fire insurance policy, the defendant appeals from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated July 27, 2001, as granted that branch of the plaintiff's motion which was to quash the subpoena served upon the nonparty witness, Baron Eisner.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to quash the subpoena, and substituting therefor a provision granting that branch of the motion only to the extent that the witness shall be examined solely as a fact witness on issues concerning the financial records produced by the plaintiff, including the origin of specific entries therein, and the accounting practices of the plaintiff's business, but shall not be asked to render an opinion as to the financial condition of the business nor on any other subject; as so modified, the order is affirmed insofar as appeal from, with costs.

The defendant issued to the plaintiff a policy of commercial property insurance insuring business property located at 1084-

1090 Rogers Avenue in Brooklyn. On or about June 29, 1999, the premises sustained damage in a fire. The defendant declined to indemnify the plaintiff for the loss sustained on the basis that the fire was of incendiary origin and was set, caused to be set, or procured by the plaintiff. The insurance policy included a condition which voided coverage in the case of fraud by the insured.

The financial condition of the plaintiff is relevant to the issue of economic motive to set fire to the property (*see R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.,* 56 NY2d 918; *Triple Crown Auto v Utica Mut. Ins. Co.,* 233 AD2d 436; *Benjaminov v Republic Ins. Group,* 241 AD2d 473). During an examination before trial, the plaintiff's principal, Sam Markovich, revealed that he knew little about the financial records and affairs of the business. Markovich was unable to state, among other things, the amount of the plaintiff's gross sales for the first six months of 1999, whether the business had losses or expenses in excess of sales for that period, or even whether his own personal federal income tax return for 1998 reflected his total income for that year. Markovich repeatedly referred the examiner to his accountant, Baron Eisner, for answers to questions concerning the financial records and conduct of the business. According to Markovich, Eisner kept all of the plaintiff's bank statements, cancelled checks, and other business records, and visited the plaintiff's office once a month to collect records and prepare sales tax returns.

After the examination of Markovich, the defendant served a subpoena for the nonparty deposition of Baron Eisner. The plaintiff then designated Eisner as its expert to testify at trial as to the financial condition of the plaintiff corporation, and moved, inter alia, to quash the subpoena. The Supreme Court granted that branch of the motion; we now reverse.

The Supreme Court improvidently exercised its discretion in quashing the subpoena (*see Brady v Ottaway Newspapers,* 63 NY2d 1031). Special circumstances must be shown to support discovery against a nonparty under CPLR 3101 (a) (4) (*see Brady v Ottaway Newspapers, supra* at 1032; *Bostrom v William Penn Life Ins. Co. of N.Y.,* 285 AD2d 482). CPLR 3101 (d) (1) (iii) requires a showing of special circumstances to warrant the deposition of a party's expert witness. Although the "special circumstances" requirement of CPLR 3101 (d) (1) (iii) is more than a nominal barrier to discovery (*see Rosario v General Motors Corp.,* 148 AD2d 108), such circumstances exist where physical evidence is "lost or destroyed" or "where some other unique factual situation exists" (*Hallahan v Ashland Chem.*

*Co.,* 237 AD2d 697, 698), such as proof "that the information sought to be discovered cannot be obtained from other sources" (*Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333, 334). Here, the defendant demonstrated special circumstances justifying limited pretrial discovery of Eisner, as the plaintiff's principal was unable to answer basic inquiries into the plaintiff's bookkeeping practices, or regarding specific entries in the corporation's financial records, and identified Eisner as the sole person who could respond to those inquiries (*see Bostrom v William Penn Life Ins. Co. of N.Y., supra*). The defendant should be permitted to depose Eisner as to the facts concerning the financial records and affairs of the business. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.