■ STELLA KAUFMAN et al., Plaintiffs, v LUND FIRE PRODUCTS Co., INC., Defendant and Third-Party Plaintiff-Appellant. THOMAS MALIK et al., Third-Party Defendants; NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent. [777 NYS2d 686]—

In an action, inter alia, to recover damages for wrongful death, the defendant Lund Fire Products Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated July 18, 2003, as denied its motion, in effect, to compel the depositions of two engineers employed by nonparty expert witness American Standards Testing Bureau, Inc.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is granted.

The respondent, New York City Transit Authority, hired American Standards Testing Bureau, Inc. (hereinafter American Standards), to conduct an independent test of a token booth fire detection and extinguishing system to complete a fire-bombing investigation by its Office of System Safety. By compliance conference order dated March 11, 2003, the Supreme Court designated American Standards as the respondent's expert witness and stated that the appellant was not entitled to depose this witness. The appellant then moved to compel the depositions of two engineers employed by American Standards. The Supreme Court denied the motion.

Contrary to the appellant's contention, the Supreme Court properly designated American Standards as a nonparty expert witness even though it was not originally hired for the purpose of providing expert testimony at trial (see *Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 281 AD2d 980 [2001]; *Russo v Quincy Mut. Fire Ins. Co.*, 256 AD2d 1164 [1998]; see e.g. *Brooklyn Floor Maintenance Co. v Providence Wash. Ins. Co.*, 296 AD2d 520 [2002]). Therefore, because the deposition of a nonparty expert was at issue, the appellant was required to show the existence of special circumstances (see CPLR 3101 [d] [1] [iii]; *Brooklyn Floor Maintenance Co. v Providence Wash. Ins. Co., supra; Hallahan v Ashland Chem. Co.*, 237 AD2d 697 [1997]; *Weinberger v Lensclean, Inc.*, 198 AD2d 58 [1993]; *King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748 [1993]). The appellant satisfied its burden by showing that some of the pieces of equipment examined by American Standards for the respon-

dent were subjected to changes. Accordingly, the Supreme Court improvidently exercised its discretion in denying the appellant's motion to compel the depositions of two engineers employed by American Standards (*see RPM, Inc. v Pentagon Chem. & Paint Works,* 114 AD2d 1025 [1985]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.