GERALD B. DIXON et al., Respondents, v CITY OF YONKERS et al., Appellants. [792 NYS2d 514]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 24, 2004, which denied their motion to quash a subpoena served upon the nonparty witness, Charles Peter.

Ordered that the order is affirmed, with costs.

When the plaintiff served a subpoena upon Charles Peter, a botanist, directing him to appear for a deposition, the defendants had not yet identified Dr. Peter as their expert witness pursuant to CPLR 3101 (d) (1) (i). Where, as here, the complaint alleges that the decedent's death was caused by a falling tree, which was removed from the accident scene within 48 hours, special circumstances exist to permit the plaintiff to depose Dr. Peter, including that Dr. Peter examined the tree and surrounding vegetation before key evidence was rendered unavailable to the plaintiff (*see Kaufman v Lund Fire Prods. Co., Inc.,* 8 AD3d 242, 243-244 [2004]; *see also Columbia Telecom. Group v General Acc. Ins. Co. of Am.,* 275 AD2d 340 [2000]; *Vogel v Benwil Indus.,* 267 AD2d 230 [1999]; *232 Broadway Corp. v New York Prop. Ins. Underwriting Assn.,* 171 AD2d 861 [1991]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion to quash the subpoena. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.