■ MATTHEW REICH, Plaintiff, v MARCY SIMON REICH, Respondent. HERCULES CORP. et al., Nonparty Appellants. [830 NYS2d 29]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered August 10, 2006, which denied the motion of nonparties Hercules Corp., Andrew May and Alfred May to quash

subpoenas and notices of deposition served upon them by defendant, unanimously modified, on the law, the facts and in the exercise of discretion, to quash the notice of deposition directed to Alfred May, and otherwise affirmed, without costs.

The documents and records sought by defendant wife from Hercules Corp. were appropriate to a characterization and valuation of Hercules, a closely held corporation in which plaintiff husband is a 2.5% shareholder. Under the Equitable Distribution Law, "[b]road pretrial disclosure which enables both spouses to obtain necessary information regarding the value and nature of the marital assets is critical if the trial court is to properly distribute the marital assets" (*Kaye v Kaye*, 102 AD2d 682, 686 [1984]; *see also Gellman v Gellman*, 160 AD2d 265 [1990]). "This searching exploration is more than justified in the case of close corporations, the ownership of which is in the hands of a small number of stockholders and for which there is little objective evidence of fair market value" (*Briger v Briger*, 110 AD2d 526, 527 [1985]). To the extent that the material has already been produced pursuant to the February 10, 2005 so-ordered stipulation, Hercules should simply so state. As to the other items, defendant wife will have to bear the costs of any document production.

We modify only to quash the notice of deposition served upon Alfred May. Defendant has not shown that the information sought from Alfred May is not obtainable from other sources (*see Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333 [1988]), particularly since appellants have evidently agreed that they will make Andrew May available for deposition, and represent that, during the period in question, Andrew May was president of Hercules and responsible for its day-to-day operations.

We have considered appellants' other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Catterson, JJ.