[912 NYS2d 798]

In the Matter of TROY SAND & GRAVEL COMPANY, INC., et al., Appellants, v TOWN OF NASSAU et al., Respondents. KATHER-INE BADER, Respondent.

Third Department, December 16, 2010

## APPEARANCES OF COUNSEL

*Tuczinski, Cavalier, Gilchrist & Collura, P.C.*, Albany (*Jonathon B. Tingley* of counsel), for appellants.

*Donohue, Sabo, Varley & Huttner, L.L.P.*, Albany (*Bruce S. Huttner* of counsel), for Town of Nassau and others, respondents.

*Greenberg & Greenberg*, Hudson (*Mark D. Greenberg* of counsel), for Katherine Bader, respondent.

## OPINION OF THE COURT

MERCURE, J.P.

Petitioner Henkel Realty Associates is the owner of a 214-acre parcel of land in the Town of Nassau, Rensselaer County, upon which petitioner Troy Sand & Gravel Company, Inc. proposed to establish a quarry. In this combined proceeding pursuant to CPLR article 78 and action for, among other things, declaratory judgment, petitioners assert numerous claims relating to their allegations that respondents have undertaken, in bad faith, an extended course of conduct designed to prevent the operation of the quarry. The article 78 claims were submitted for judgment, and discovery commenced on the remaining claims. Those claims seek, as relevant here, a declaration that Local Law No. 1 (2008) of the Town of Nassau—which bans commercial excavation throughout the Town—does not apply to the proposed quarry, as well as damages pursuant to 42 USC § 1983. After certain respondents gave purportedly conflicting testimony regarding an August 2008 visit to the proposed quarry that resulted in a stop work order, petitioners issued a subpoena duces tecum and ad testificandum to Katherine Bader, a town resident over whose land respondents allegedly passed to reach the quarry. Supreme Court granted Bader's motion to quash the subpoena, prompting this appeal.

We affirm. Pursuant to CPLR 3101 (a) (1) and (2), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or . . . a person who possessed a cause of action or defense asserted in the action." It is well settled that the terms "material and necessary" encompass any information " 'bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000], quoting *Allen*

*v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). The statute distinguishes between parties and nonparties, and imposes more stringent requirements when disclosure is sought from a nonparty (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:19). CPLR 3101 (a) (3) provides the additional requirements, beyond materiality and necessity, that the nonparty be, among other things, out-of-state, residing more than 100 miles from the place of trial or too sick to attend trial (*see e.g. Roeck v Columbia-Greene Med. Ctr.*, 248 AD2d 921, 922 [1998]). CPLR 3101 (a) (4)—the provision at issue here—states that disclosure of material and necessary matter from a nonparty may be had "upon notice stating the circumstances or reasons such disclosure is sought or required."

As petitioners acknowledge, this Court has repeatedly held that disclosure from a nonparty under CPLR 3101 (a) (4) may be obtained " 'only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial' " (*Sand v Chapin*, 246 AD2d 876, 877 [1998], quoting *King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748, 748 [1993]; *accord Cerasaro v Cerasaro*, 9 AD3d 663, 665 [2004]; *see Matter of John H.*, 56 AD3d 1024, 1026 [2008]; *Fraser v Park Newspapers of St. Lawrence*, 257 AD2d 961, 962 [1999]; *Desai v Blue Shield of Northeastern N.Y.*, 128 AD2d 1021, 1021-1022 [1987]; *see also Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 595 [2001]). Petitioners note, however, that while the statute previously contained the express requirement that a party seeking disclosure from a nonparty obtain a court order upon a showing of "special circumstances," the statute was amended in 1984 to eliminate that requirement (*see* L 1984, ch 294, § 2; *see also* Siegel, NY Prac § 345, at 554 [4th ed]). As noted above, the statute now requires only that the party seeking discovery provide "notice stating the circumstances or reasons such disclosure is sought or required" (CPLR 3101 [a] [4]). Petitioners urge this Court to abandon our prior precedent in this area and adopt a standard permitting discovery upon a showing that the nonparty possesses material and necessary—i.e., relevant—information useful to a party in preparing for trial.

Although the Appellate Division, Fourth Department has evidently adopted the standard urged by petitioners (*see Kephart v Burke*, 306 AD2d 924, 925 [2003]; *Catalano v Moreland*, 299 AD2d 881, 881-882 [2002]; *see also* Connors, Practice Commen-

taries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22), we decline to do so. Imposition of the "material and necessary" standard to all individuals, regardless of their status, would render the distinction drawn in the statute between parties and nonparties meaningless. Such an interpretation of CPLR 3101 would violate the "rule that all parts of a statute are intended to be given effect and that a statutory construction which renders one part meaningless should be avoided" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515 [1991]; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]). Thus, while we agree with petitioners that the requirement of "special circumstances" as defined prior to the 1984 amendment— involving, for example, an affirmative showing of nonparties' hostility and special knowledge (*see McDonald v Gore Mt. Ski Lift Corp.*, 30 AD2d 931 [1968])—is no longer applicable, we adhere to our precedent holding that "something more than mere relevance or materiality must be shown to obtain disclosure from a nonparty witness" (*Fraser v Park Newspapers of St. Lawrence*, 257 AD2d at 962).

It must be noted that many of our cases decided after the 1984 amendment trace back to a Second Department case, *Dioguardi v St. John's Riverside Hosp.* (144 AD2d 333 [1988]), which held that the special circumstances "requirement survived the 1984 amendment" (*id.* at 334; *see e.g. Fraser v Park Newspapers of St. Lawrence*, 257 AD2d at 962; *King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d at 748).* The Second Department recently overruled *Dioguardi*, stating that, "[i]n light of its elimination from CPLR 3101 (a) (4), we disapprove further application of the 'special circumstances' standard in our cases" (*Kooper v Kooper*, 74 AD3d 6, 16 [2010]). Nevertheless, and noting this Court's agreement, the Second Department

---

* The First Department at one point rejected *Dioguardi* as contrary to its precedent and required only a showing of materiality and necessity—the standard that applies to parties—to obtain discovery from nonparties (*see Schroder v Consolidated Edison Co. of N.Y.*, 249 AD2d 69, 70 [1998]; *see also BAII Banking Corp. v Northville Indus. Corp.*, 204 AD2d 223, 225 [1994]). More recently, however, the Court has recognized that "[f]or disclosure purposes, a party is distinguished from a nonparty and where disclosure is sought against a nonparty more stringent requirements are imposed on the party seeking disclosure" (*Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 108 [2006] [citation omitted]). Relying upon *Dioguardi*, the First Department now requires a showing of "special circumstances or that the information sought was relevant and could not be obtained from other sources" (*Tannenbaum v City of New York*, 30 AD3d 357, 358-359 [2006]; *see Reich v Reich*, 36 AD3d 506, 507 [2007]).

concluded that "[t]he Legislature would not have included . . . separate subsection[s] of the statute for nonparties if discovery from parties and nonparties were subject to identical considerations[,] . . . indicat[ing] that something more than mere relevance is required if the discovery request is challenged" (*id.* at 18 [citation omitted]). The Court held that "[a] motion to quash is, thus, properly granted where the party issuing the subpoena has failed to show that the disclosure sought cannot be obtained from sources other than the nonparty" (*id.* at 16-17). This holding is consistent with our prior cases (*see e.g. Cerasaro v Cerasaro*, 9 AD3d at 665; *Fraser v Park Newspapers of St. Lawrence*, 257 AD2d at 962), as well as dicta from the Court of Appeals stating that full disclosure of material and necessary evidence may be had from nonparties "wherever sufficient independent evidence is not obtainable" (*O'Neill v Oakgrove Constr.*, 71 NY2d 521, 526 [1988] [internal quotation marks and citations omitted]).

Similarly here, we agree with Supreme Court that petitioners were not entitled to obtain disclosure from Bader, a nonparty. Even assuming that petitioners made a showing of relevancy, they failed to demonstrate that they could not otherwise obtain the information sought from Bader regarding whether town officials asked her permission before using her property to access the site of the proposed quarry. "Inasmuch as defendant has not established that it is unable to obtain the information in question from other sources" (*Fraser v Park Newspapers of St. Lawrence*, 257 AD2d at 962 [citations omitted]), the court properly granted Bader's motion to quash.

MALONE JR., KAVANAGH, GARRY and EGAN JR., JJ., concur.

Ordered that the order is affirmed, with costs to Katherine Bader.