■ JOHN C. VORYS, as Executor of HELEN C. MURRAY, Deceased, Appellant, v CAMP MENAWA, LLC, et al., Respondents.
[936 NYS2d 582]—

Kavanagh, J.

"Disclosure against a nonparty is available only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial. Whether such special circumstances have been shown to exist is a sui generis inquiry committed to the sound discretion of the court to which the application is made" (*King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748, 748 [1993] [citations omitted]; *see Parnes v Parnes*, 80 AD3d 948, 953 [2011]; *Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 80 AD3d 199, 202-203 [2010]; *see also* CPLR 3101 [a] [4]). Inasmuch as plaintiff did not establish that the information sought from the nonparty witnesses could not be obtained from other sources, we are unwilling to conclude that Supreme Court abused its discretion in denying plaintiff's motion (*see Caruso v Northeast Emergency Med. Assoc., P.C.*, 85 AD3d 1502, 1506 [2011]; *Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 80 AD3d at 202-203).

Mercure, A.P.J., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.