■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCADIO FERNANDEZ, Appellant. — Judgment, Supreme Court, New York County (Leonforte, J.), rendered on September 29, 1977, unanimously affirmed. Concur — Murphy, P.J., Kupferman, Sullivan and Markewich, JJ.

Carro, J., concurs in a memorandum as follows: No objection was taken at trial to the prosecutor's misconduct on summation, nor was such misconduct sufficient to deprive the defendant of a fair trial, so as to prompt this court to exercise its discretionary power of review. However, the prosecutor did on several occasions too closely skirt the line between fair and improper comment. He exceeded the bounds of legitimate advocacy by stating that defendant was a liar and by outrageously and unjustifiably denigrating the defendant's medical expert witness. Although the cumulative effect in this case of the prosecutor's errors may not warrant reversal, nonetheless they should not go unremarked upon.

■ SUZANNE BRAGA, Respondent, v AMES BRAGA, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered January 20, 1981, insofar as appealed from, which denied the defendant's motion for a protective order quashing the subpoenas actually served, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and motion granted with leave to plaintiff to seek such further disclosure at Special Term under CPLR 3101 (subd [a], par [4]) as is warranted after the defendant has been examined, without costs. Under section 236 (part B, subd 4) of the Domestic Relations Law, both parties are required to make compulsory disclosure of their respective financial states. No showing of special circumstances is required before such disclosure is ordered. Nonetheless, a protective order may be sought to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice. (CPLR 3103, subd [a]; *Kaywood v Kaywood,* 75 AD2d 805; *Billet v Billet,* 60 AD2d 816.) At this juncture in the proceeding, plaintiff Suzanne Braga has not yet examined defendant Ames Braga. Until such an examination is held, it cannot be determined whether it is necessary for plaintiff to examine all the nonparty witnesses upon whom subpoenas duces tecum have been served. In order to avoid unneeded expense for both the parties and nonparties at this disclosure stage, defendant's motion for a protective order quashing the subpoenas is granted. After the defendant has been examined, the plaintiff may move before Special Term for such further disclosure as is warranted under CPLR 3101 (subd [a], par [4]). Concur — Murphy, P.J., Birns, Sandler, Bloom and Fein, JJ.