■ NANCY AVERY, Respondent, v LYMAN AVERY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered October 1, 1981 in Fulton County, which granted plaintiff's motion to compel defendant to produce certain records for examination in connection with an action for divorce wherein plaintiff seeks equitable distribution of the marital assets. By order dated March 30, 1981, a Supreme Court Justice directed examination of defendant husband "as to his financial status, as provided in Section 236 of the Domestic Relations Law and related Sections". Unsatisfied with certain oral responses of defendant at the ordered examination before trial, plaintiff moved before another Supreme Court Justice in the same judicial district for the production of certain financial statements and documents which allegedly would·reveal defendant's income and resources from and with a corporation of which he was president. The second Justice denied defendant's motion to transfer the matter to the first Justice, and, further, granted plaintiff's motion compelling disclosure of the corporate records. This appeal by defendant ensued. Since the second motion was not to renew or reargue the prior motion, or to stay, vacate or modify the order entered thereon, or to seek leave to appeal the first order, we choose, in the interests of judicial economy, not to regard the second motion as directly affecting the original order so as to compel reversal of the appealed order and thereby require a remand for reference to the Justice who made the original order (CPLR 2221; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2221:1, pp 154-155). Turning to the merits of the matter, we are of the view that with the enactment of the Laws of 1980 (ch 281, § 9), commonly referred to as the "Equitable Distribution Law" (Domestic Relations Law, § 236), profound changes have been made in the standards which govern the division of property upon the dissolution of a marriage. Now, upon its dissolution, accumulated property must be distributed in a manner which reflects the individual needs and requirements of the parties regardless of the manner in which title to those assets is held by the partners. In order that this objective might be reached at trial, it is critical that applicable disclosure devices be fully pursued to insure that the trial court is prepared to deal with known

assets and their real value. Accordingly, the directives of the appealed order that defendant produce at the adjourned date of the examination before trial corporate records showing his salary, loans or gifts made to him by the corporation and any evidence of trusts created by the corporation for defendant's benefit, as well as any records indicating any other financial benefits, are proper and in furtherance of the goal of full and complete disclosure within the context of an action to dissolve the marriage (see *Raved v Raved,* 71 AD2d 883). However, in view of defendant's outright denial that he has any connection with Avery Oil Company, Inc., other than his position as president, he should not be required to produce for inspection and examination the stockbook of that corporation. In lieu of such a directive, we modify the order of Special Term by directing defendant to produce at the adjourned hearing any stock certificates he may own showing ownership in Avery Oil Company, Inc. Order modified, on the law and the facts, by deleting that portion which directs defendant to produce for inspection and examination the stockbook of Avery Oil Company, Inc., and substituting therefor a directive that defendant produce any stock certificates he may have in that corporation, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.