■ JORY LOWRANCE, Respondent, v STATE OF NEW YORK, Appellant.—In a claim to recover damages, *inter alia*, for false imprisonment, the defendant State of New York appeals from an order of the Court of Claims (Orlando, J.), entered June 4, 1990, which granted the claimant's motion to direct it to turn over portions of a report compiled by the Inspector General's Office.

Ordered that the order is reversed, on the law, without costs or disbursements, and the claimant's motion is denied.

We agree with the defendant State of New York that the claimant, an inmate at Sing Sing Correctional Facility, is not entitled to discovery of a file developed by the Inspector General's Office during its investigation of a grievance he made against a Correction Officer. The Inspector General's file contains, *inter alia*, several interviews with Correction Officers and inmates, together with notes, conclusions and the recommendations of the investigator.

It has long been recognized that the public interest is served by keeping certain government documents privileged from disclosure (see, *Cirale v 80 Pine St. Corp.*, 35 NY2d 113; *One Beekman Place v City of New York*, 169 AD2d 492, 493). The Court of Appeals has observed that "[t]he hallmark of this privilege is that it is applicable when the public interest would be harmed if the material were to lose its cloak of confidentiality" (*Cirale v 80 Pine St. Corp., supra*, at 117-118).

Under the circumstances presented, the State's interest in maintaining the integrity of its internal investigations and protecting the confidentiality of sources who provide sensitive information within a prison context, outweighs any interest of the claimant in seeking access to the file *(Cirale v 80 Pine St. Corp., supra,* at 117).

The State's contention with respect to the claimant's obligation to pay witness fees is premature, inasmuch as the order appealed from did not deal with the claimant's motions which sought the issuance of subpoenas for witnesses. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.