■ BARTHOLOMEW J. LAWSON, Appellant, v NANCY LAWSON, Respondent. [598 NYS2d 577] —Orders, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 25, 1992, May 11, 1992, and May 14, 1992, which (1) denied plaintiff husband's motion to have defendant wife pay one-half of the carrying charges on the former marital residence and granted the wife's cross motion for exclusive occupancy of the parties' cooperative apartment, (2) denied the husband's motion to quash a subpoena duces tecum and for a protective order striking a notice of deposition served upon his nonparty employer and (3) granted the wife's motion to quash a subpoena duces tecum served upon her nonparty employer, unanimously affirmed, without costs.

The husband's selective recollection at his examination before trial with respect to his compensation, and the fact that he is the sole officer of his employer and admits controlling his own compensation indicates that the financial information defendant wife seeks cannot be obtained from other sources, and are thus circumstances sufficient to support disclosure from his nonparty employer *(see, Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333, 334), despite his lack of equity in the business *(see, Fox v Fox,* 96 AD2d 571; *cf., Kaye v Kaye,* 102 AD2d 682). No such circumstances were shown to support the husband's request for information from the wife's law firm employer, which was based purely upon speculation as to the wife's prospects for partnership, and whose deposition testimony with respect to such prospects was not evasive.

It was not an abuse of discretion to direct that each party continue to pay the carrying charges as they have been doing since their separation. The husband's remedy for any inequities in the *pendente lite* award is a speedy trial *(see, Aquart v Aquart,* 182 AD2d 735).

With respect to the award of temporary exclusive occupancy of the parties' Manhattan cooperative apartment, the husband leased the parties' Tuxedo Park home and sublet another Manhattan apartment he had been using since the separation

nearly four years earlier, before announcing his intention of moving into the cooperative apartment in which the wife has been living since the separation and which he has never occupied. His recent expressed desire to move into this apartment, for the first time, during the pendency of the matrimonial action, can only be viewed as a tactical maneuver. Under the circumstances, exclusive occupancy was properly awarded to the wife without a hearing. Concur—Rosenberger, J. P., Wallach, Ross, Kassal and Nardelli, JJ.