OPINION OF THE COURT
Edward J. Greenfield, J.
The Attorney-General brings this action under the Not-For-Profit Corporation Law and EPTL article 8 to obtain injunctive relief against respondent Long Island Society for the Prevention of Cruelty to Children (LISPCC) and its officers and directors.
The Long Island SPCC was incorporated as a not-for-profit corporation under N-PCL 1403. SPCCs have an unusual status under the law. Although they are not governmental agencies, they are given some quasi-governmental powers in order to effectuate the corporate purpose of protecting children from abuse or neglect. For example, the Long Island SPCC may initiate and participate in court proceedings involving child abuse or neglect (N-PCL 1403 [b] [1]; Family Ct Act § 1032; Judiciary Law §§ 478, 484), take children who are the victims of abuse and neglect into protective custody (Social Services Law § 417; Family Ct Act § 1024), be appointed guardian of the person of a minor or receive or retain, at its own expense, abused or neglected children pursuant to court order (N-PCL 1403 [b] [3]). Also, the officers and agents of the Long Island *656 SPCC are peace officers who may acquire handguns and make arrests, providing they are acting in furtherance of the SPCC’s child protective mandate (CPL 2.10 [7-a]; 2.20, 140.25). However, the agents of the SPCC are not permitted to represent themselves as police officers.
In 1991, the Attorney-General conducted an investigation in which it was discovered that the LISPCC misrepresented that it was a State agency by (1) issuing identification cards to its members which described the LISPCC as a "New York State” agency; (2) using a letterhead which described the LISPCC as a "State Chartered Child Protective Not-for-Profit Organization;” (3) using a letterhead which contained a replica of the New York State seal. In addition, the agents of the LISPCC were using titles such as "detective.”
In September 1993, the Attorney-General entered into an assurance of discontinuance pursuant to Executive Law § 63 (15). The agreement provided, inter alla, as follows:
"1. The LISPCC shall not represent in any manner that it is a state agency or affiliated with the State including, but not limited to, representations contained in solicitations, identification cards, badges or in its letterhead;
"2. The LISPCC shall not represent in any manner that it is a police agency including, but not limited to, oral representations or representations contained in solicitations, identification cards, badges or in its letterhead.
"3. The LISPCC shall retrieve from its members all identification cards, badges, or any other paraphernalia which improperly conveys the impression that the LISPCC is a state agency and/or a police agency and surrender those items and any others in the possession of the LISPCC to this office within 30 days * * * To the extent the LISPCC issues new identification cards, badges, plaques, vehicle identifications or other identification, copies shall be provided to this office in advance of their distribution to members.
"4. A copy of any letterhead prepared for the LISPCC shall be provided to this office in advance of its initial use.
"5. The LISPCC shall not appoint peace officers who do not reside in the county in which the LISPCC is authorized to operate.”
The LISPCC has violated the assurance agreement in several ways. It never surrendered identification cards or other equipment which conveyed the impression that the LISPCC was a State or police agency. It has displayed a *657 vehicle identification placard which uses the words "Police Vehicle Identification” and states that "this vehicle is on official police business.” In addition, the vehicle contains a shield similar to the one used by the New York City Police Department, which reads "Child Abuse Unit, State of New York”, and looks very similar to New York City Police Department vehicles. This can easily confuse the public, with red bar lights on top of the vehicle and a replica of the State seal on the side door along with the legend "Long Island SPCC, Child Protective Law Enforcement, Police.” Furthermore, the door leading to the SPCC offices displays a replica of the State seal, indicating "Long Island SPCC, Child Protective Law Enforcement.” Finally, LISPCC agents have been using official license plates which are not authorized for use by private not-for-profit corporation vehicles. The Attorney-General’s office annexes to its papers a number of current photographs which support its claims that the agreement has been violated.
In light of the above, the Attorney-General commenced the instant proceeding. The order to show cause, issued by this court on April 26, 1994, contains a temporary restraining order prohibiting respondents from doing the following:
"(a) representing * * * that the [LISPCC] is a state or governmental agency;
"(b) representing * * * that the [LISPCC] is a police agency;
"(c) appointing peace officers who are not residents of Nassau County;
"(d) using or owning any vehicle which resembles, or conveys the impression that it is, an official police or other emergency vehicle; and
"(e) using * * * any vehicle displaying colored lights, including but not limited to red bar lights, or any other lights which resemble those generally used by official police or other emergency vehicles.”
The first cause of action in the complaint alleges that respondents Telano, Rivera and Naimit (officers and directors of the LISPCC) have violated the assurance agreement and mandates of law, and have failed to discharge their fiduciary duties in good faith. The second cause of action alleges that the LISPCC has made fraudulent and misleading statements concerning the scope of its authority, in violation of N-PCL 112. The third cause of action alleges that LISPCC has displayed and used red lights on top, and on the dashboard of, its vehicles, in violation of Vehicle and Traffic Law § 375. The *658 fourth cause of action alleges that the LISPCC has official license plates which violate Vehicle and Traffic Law §§ 215 and 402 and 15 NYCRR 17.5. The fifth cause of action alleges that the violations of the assurance agreement contravene Executive Law § 63 (15). The sixth cause of action alleges that LISPCC’s appointment of peace officers who are not residents of Nassau County violates section 3 of the Public Officers Law.
Respondents’ answer makes a spurious jurisdictional objection to this case. The papers filed in opposition to the petition indicate that the actual objection is that the Attorney-General lacks standing to maintain the action. However, the Attorney-General clearly has standing to maintain an action to enjoin violations of the law by an SPCC.
Next, respondents maintain that the assurance agreement was the product of duress or coercion. However, respondent has not specified the manner in which the duress took place or the person or persons who made the alleged wrongful threat. Moreover, a threat to do what a person already has the legal right to do (in this case, to enforce the law) does not constitute duress (Marine Midland Bank v Stukey, 75 AD2d 713, affd 55 NY2d 633; Gerstein v 532 Broad Hollow Rd. Co., 75 AD2d 292).
According to defendants, the Attorney-General is estopped from bringing the instant action by reason of the fact that certain violations known to it existed at the time of the assurance agreement. Respondents’ claims of estoppel are of no avail. Generally speaking, estoppel cannot be used against a State or municipal government (see, e.g., Matter of New York State Med. Transporters Assn, v Perales, 77 NY2d 126). Thus, even if at the time of execution of the assurance agreement, the Attorney-General knew of the three LISPCC officers who resided outside Nassau County, this would not matter. Moreover, nowhere is it claimed that any State official represented to respondents that the three officers of LISPCC residing outside Nassau County could remain with the LISPCC despite their nonresidency.
Under Public Officers Law § 3, a peace officer of an SPCC must reside in the political subdivision in which the SPCC operates. Thus, under N-PCL 1403, the LISPCC can operate only within Nassau County. However, despite the law and the above-mentioned assurance agreement, the LISPCC has at least three officers who are not residents of Nassau County.
Respondents maintain that the venue of the action *659 should be transferred to Nassau County. However, improper venue is not a proper subject of an affirmative defense. The proper procedure is a motion to change venue. Second, under CPLR 505 and 509, and EPTL 8-1.4, venue is properly in New York County, where the Charities Bureau of the Attorney-General is located and where the LISPCC is required to annually file its financial reports or exemptions from filing.
N-PCL 112 (a) (1) allows the Attorney-General to seek injunctive relief to prevent a not-for-profit corporation from "carrying on unauthorized activities”. Under section 112 (a) (3), the Attorney-General can restrain any person from engaging in corporate or franchise rights not granted to them by the State. In addition, EPTL 8-1.4 authorizes the Attorney-General to institute proceedings to secure the proper administration of not-for-profit corporations.
Since LISPCC is not a police agency, it cannot represent to the public that it is a police or State agency (Abrams v Westchester County SPCC, Sup Ct, Westchester County 1987, Nastasi, J., index No. 22360/87). The use of the State shield or the use of the word "Police” on respondents’ vehicles clearly violates this rule. The use of a red bar and flashing lights on its vehicles plainly violates provisions of the Vehicle and Traffic Law which limit such items to emergency vehicles (see, People v Ellman, 135 Misc 2d 1010 [Yonkers City Ct]). Moreover, official plates may be used only by vehicles operated by public agencies of the State of New York (Vehicle and Traffic Law §§ 215, 402).
In light of the above, petitioner has established violations of the laws governing SPCCs and of the assurance agreement.
Accordingly, the petition is granted.