■ BARBARA L. WURTZEL, Appellant, v SAMUEL L. WURTZEL, Respondent. [642 NYS2d 967] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered March 10, 1995, which denied her motions for, among other things, a protective order with respect to the subpoenas duces tecum and notices to take depositions upon oral examination issued by the defendant husband to four nonparty witnesses.

Ordered that the order is modified, on the law and the facts, by deleting the provision denying those branches of the motions which were for a protective order with respect to the subpoenas duces tecum and notices to take depositions upon oral examination issued by the defendant husband to four nonparty witnesses, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed, with costs to the plaintiff.

Approximately four months after the commencement of the instant divorce action, the husband served subpoenas upon the wife's father, his company, and two of the father's employees seeking voluminous documents and broad financial disclosure concerning the father's company. The wife, who is concededly an employee of the company but who has no ownership interest in it, moved to quash the subpoenas and for a protective order. While that motion was pending before the court, the husband redrafted the subpoenas and had them re-served on the nonparty witnesses necessitating a second motion by the wife. The trial court denied the motions and directed the nonparty witnesses to provide the disclosure.

Contrary to the wife's arguments, the second set of subpoenas, unlike the first, were not facially defective (*see,* CPLR 3101 [a] [4]). However, the court erred in failing to quash the subpoenas and in failing to grant a protective order. Since the wife was a mere employee of the father's company and did not

own any interest in it, the husband was not entitled in the first instance to the broad disclosure of the company's finances that he sought (*see, Kaye v Kaye,* 102 AD2d 682, 690-691; *Fox v Fox,* 96 AD2d 571, 572; *Avery v Avery,* 89 AD2d 633).

Moreover, not only had the husband failed to first obtain discovery from the wife (*see, Jira v Levin-Epstein,* 172 AD2d 495; *Flach v Flach,* 114 AD2d 929; *Braga v Braga,* 82 AD2d 726), but he had also failed to establish the existence of "special circumstances" to justify the disclosure from the nonparty witnesses (*see, King v State Farm Mut. Auto. Ins. Co.,* 198 AD2d 748; *Lawson v Lawson,* 194 AD2d 389; *Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333). We note, too, that the court erred in directing that examinations before trial of two of the nonparty witnesses be held in Nassau County rather than in New York County where they had their offices (*see,* CPLR 3110 [2]).

We find no merit to the wife's remaining contentions. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.