■ ANI ANTREASYAN, Respondent, v HRANT ANTREASYAN, Appellant, and A & N FABRICS, INC., et al., Nonparty Appellants. [666 NYS2d 672] —In an action for a divorce and ancillary relief, the defendant husband and the nonparty A & N Fabrics, Inc., appeal from an order of the Supreme Court, Queens County (Durante, J.), dated December 23, 1996, which denied the motion of A & N Fabrics, Inc. to quash a subpoena duces tecum and notice to take deposition upon oral examination issued by the plaintiff wife to A & N Fabrics, Inc.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof which denied that branch of the motion of A & N Fabrics, Inc., which was to quash so much of the subpoena as requested "all records, books, papers, things, documents, letters, letter-books, correspondence, copies and other writings, files and other papers with, concerning, referring to and between Hrant Antreasyan and A & N Fabrics", and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which denied that branch of the motion of A & N Fabrics, Inc., which was to quash the deposition upon oral examination of the defendant's mother, the nonparty Peruz Antreasyan, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Generally, there should be broad financial disclosure in matrimonial actions in which equitable distribution is sought to enable the parties to ascertain the nature and value of marital assets, as well as to uncover potential hidden assets (*see, Kramer v Kramer,* 227 AD2d 531; *Gape v Gape,* 125 AD2d 637, 638). The plaintiff, however, is not entitled to the extensive discovery she sought from the closely-held family corporation allegedly owned by the defendant's mother since she has not yet demonstrated that the defendant has a proprietary interest in the corporation (*see, Kaye v Kaye,* 102 AD2d 682, 686; *Fox v*

*Fox,* 96 AD2d 571, 572). However, limited disclosure of the corporate records listed in items No. 1 through No. 8 of the subpoena duces tecum is warranted to assist the plaintiff in obtaining full disclosure of the defendant's finances and interests (*see, Lawson v Lawson,* 194 AD2d 389; *Kaye v Kaye, supra; Fox v Fox, supra*).

However, the Supreme Court erred in directing A & N Fabrics, Inc., to produce the defendant's mother as a witness for an examination before trial. A corporation has the right to determine which of its officers or employees with knowledge of the facts may appear for pretrial examination (*see, Defina v Brooklyn Union Gas Co.,* 217 AD2d 681; *Faber v New York City Tr. Auth.,* 177 AD2d 321; *Tower v Chemical Bank,* 140 AD2d 514). Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.