■ MICHELLE L. SAND, Individually and as Administrator of the Estate of TODD J. SAND, Deceased, Respondent, v NORMAN A. CHAPIN et al., Appellants. [667 NYS2d 800] —Crew III, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered August 6, 1997 in Albany County, which, *inter alia*, denied defendants' motion to obtain a pretrial deposition from a nonparty witness.

Plaintiff, individually and as administrator of her husband's

estate, commenced this action against defendants alleging that defendants' malpractice and negligence resulted in decedent's death. Following extensive discovery, defendants moved to, *inter alia*, depose a nonparty witness to determine the nature of plaintiff's relationship with him. Supreme Court, although acknowledging that the status of plaintiff's marital relationship at the time of decedent's death and her involvement, if any, with the nonparty witness was relevant to the defense of plaintiff's wrongful death and loss of consortium claims, nonetheless denied the motion, finding that the nature of plaintiff's relationship with both decedent and the nonparty witness could be established through the testimony of others. This appeal by defendants ensued.

We affirm. "Disclosure against a nonparty is available only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial" (*King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748). To that end, "[w]hether * * * special circumstances have been shown to exist is a sui generis inquiry committed to the sound discretion of the court to which the application is made" (*id.*, at 748).

Although there can be little doubt that the status of plaintiff's relationship with decedent and the nonparty witness at the time of decedent's death indeed is material to the defense of this action, inasmuch as information as to the nature of plaintiff's relationships with those individuals may be obtained from other sources—namely, decedent's friends and relatives and plaintiff's sister—we cannot say that Supreme Court abused its discretion in denying the motion to depose the nonparty witness. To the extent that defendants argue that the testimony offered by the aforementioned witnesses may be subject to a hearsay objection at trial, we need note only that such individuals, at the very least, will be permitted to testify as to their personal observations of plaintiff's interaction with decedent and the nonparty witness. Similarly, such witnesses certainly may testify as to their personal observations of plaintiff's own conduct between the time that plaintiff contends she and decedent reconciled and the date of decedent's death. Defendants' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.