■ In the Matter of DAVID KLEIN et al., Appellants, v LAKE GEORGE PARK COMMISSION, Respondent. [689 NYS2d 782] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 12, 1998 in Washington County, which denied petitioners' application pursuant to CPLR 3102 (c) for preaction disclosure.

In August 1997, respondent received a report that raw sewage was being discharged into Lake George from premises owned by petitioners in the Town of Fort Ann, Washington County. Acting on this information, respondent sent a representative to petitioners' property. The ensuing investigation resulted in a finding that there was insufficient evidence to support the charge, i.e., it was determined that the waste water from petitioners' property was routed to a self-contained holding tank rather than a septic system; hence there was little or no likelihood of seepage into Lake George. The matter was dismissed without any further action.

Petitioners thereafter filed this application for preaction discovery to determine the source of the allegation that they were discharging raw sewage, a first step in their anticipated defamation action against the informant, arising out of petitioners' claim that they had been economically damaged by the accusation.* Supreme Court denied petitioners' motion, giving rise to this appeal.

A public interest privilege is accorded to, *inter alia*, " 'confidential communications * * * to public officers, in the performance of their duties * * *' * * * when the public interest would be harmed if the material were to lose its cloak of confidentiality" (*Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 117, quoting *People v Keating*, 286 App Div 150, 153; *see, Matter of World Trade Ctr. Bombing Litig. v Port Auth.*, 93 NY2d 1), the public interest in such matters being to encourage the reporting of possible violations of the law by protecting the anonymity of informants (*see, e.g., Martin A. v Gross*, 194 AD2d 195, 201-205 [internal report of municipal agency which investigated death of foster child not discoverable in action alleging

---

* Petitioner David Klein is a licensed civil engineer whose professional reputation as a designer and certifier of septic systems in the Lake George area was, petitioners contend, damaged by the false charges.

negligence in foster care placement]; *Lowrance v State of New York*, 185 AD2d 268, 269 [Inspector General's investigative files regarding incident in correctional facility not discoverable by inmate]; *Brady v Ottaway Newspapers*, 97 AD2d 451, *affd* 63 NY2d 1031 [confidential file of State Police regarding investigation into municipal police corruption not discoverable in defamation action]). We are unpersuaded by petitioners' contentions that the public interest privilege does not apply to this case or that their interest in filing a civil action outweighs the public's interest in protecting the environment (*see, Jones v State of New York*, 58 AD2d 736).

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.