■ In the Matter of VINCENT LABARBERA, Appellant, v ULSTER COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Respondent. [716 NYS2d 421] —Mugglin, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 7, 2000 in Ulster County, which denied petitioner's application pursuant to CPLR 3102 (c) for preaction disclosure.

Respondent is a not-for-profit corporation formed pursuant

to Not-For-Profit Corporation Law § 1403, its primary goal being to promote prevention of cruelty to animals. On June 16, 1999, an investigator in the law enforcement division of respondent received a report that petitioner was abusing his donkeys by providing insufficient exercise space, food and water. He visited petitioner's property, determined the complaint to be "unfounded" and closed the case. Petitioner's request for disclosure of the name of the complaining party was denied by respondent based upon its long-standing policy to keep confidential the names of individuals reporting suspected cases of animal abuse. Petitioner then instituted a proceeding for preaction disclosure pursuant to CPLR 3102 (c) and seeks an unredacted copy of the complaint to identify the complainant in order to commence an action for defamation and the intentional infliction of emotional distress. Supreme Court, holding that the public interest in the protection of the welfare of animals and the prevention of cruelty to them by encouraging the reporting of suspected violations outweighed petitioner's interest in seeking redress by civil action, dismissed the petition. Petitioner appeals.

We affirm. The law recognizes a public interest privilege which shields from disclosure information received by governmental entities where the public interest requires that such communications, or the sources thereof, should be kept confidential and not subject to the normal, liberal discovery rules (*see, Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1, 8; *Matter of Klein v Lake George Park Commn.*, 261 AD2d 774). Since the term "public interest" is flexible, a judicial determination must be made on the specific facts of each case to determine if sufficient potential harm to the public interest exists to render the privilege operable (*see, Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 118-119). Therefore, the proponent of entitlement to the public interest privilege must demonstrate that a specific public interest would be jeopardized by dissemination of the information claimed to be confidential (*see, Matter of World Trade Ctr. Bombing Litig., supra*, at 9). In order to determine the legitimacy of the claimed public interest privilege, the trial court must balance the harmful effect of disclosure to the public interest against the injury imposed on the party seeking the confidential information by nondisclosure. If disclosure would be more harmful to the public interest than nondisclosure is to the party seeking the information, disclosure must be denied (*see, id.*).

We are convinced, after a careful review of the record, that Supreme Court engaged in the required balancing and properly

concluded that the public interest in preventing cruelty to animals outweighs petitioner's interest in obtaining the name of the complaining party in order to seek civil redress. Although entities such as respondent are private corporations, the Legislature has granted them certain quasi-governmental powers in order to assist the fulfillment of their public interest goal and therefore, like governmental agencies, they may claim the public interest privilege (see, *Koppell v Long Is. Socy. for Prevention of Cruelty to Children*, 163 Misc 2d 654).

We have examined the remaining contentions of petitioner offered to support the denial of the public interest privilege to respondent and find them to be without merit.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.