■ BARBARA O. GALGANO, Appellant, v LOUIS J. GALGANO III, Respondent. R.G. ORTIZ FUNERAL HOME, INC., et al., Nonparty Appellants. [732 NYS2d 75] —In an action for a divorce and ancillary relief, the plaintiff and the nonparty-witnesses appeal, as limited by their brief, from an order of the Supreme Court, Westchester County (LaCava, J.), dated September 4, 2000, which granted the defendant's motion for leave to reargue and renew his prior motion to compel discovery from the nonparty-witnesses, which motion had been denied by order dated March 7, 2000, and, upon reargument and renewal, granted the defendant's motion.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for leave to reargue and renew is denied, and the order dated March 7, 2000, is reinstated.

The Supreme Court erred in granting the defendant's motion for leave to reargue and renew his prior motion to compel discovery of financial, corporate, and probate records from the nonparty witnesses based upon new evidence, as that evidence would not warrant changing the prior determination (see, Greene v New York City Hous. Auth., 283 AD2d 458; CPLR 2221 [d], [e]).

The defendant sought extensive discovery from the nonparty witnesses, which were closely-held family businesses owned by relatives of the plaintiff wife. The unsubstantiated allegations presented by the defendant were insufficient to refute evidence submitted by the plaintiff that she currently had no interest in the businesses and that any interest she previously had in the businesses was transferred several years prior to commencement of the matrimonial action (see, Antreasyan v Antreasyan,

245 AD2d 405; *Wurtzel v Wurtzel,* 227 AD2d 548). Moreover, the Supreme Court's order directing the production of records covering a period of 21 years from the nonparty witnesses was overbroad and unduly burdensome (*see, Pomeranz v Pomeranz,* 99 AD2d 407). O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.