■ Lori K. Cerasaro, Appellant, v Victor J. Cerasaro, Respondent. [781 NYS2d 375]—

---

* Petitioner also was charged with, but found not guilty of, refusing a direct order.

Mugglin, J. Appeals (1) from an order of the Supreme Court (Hester, Jr., J.), entered June 30, 2003 in Broome County, which, inter alia, denied plaintiff's motion to compel the production of certain documents, and (2) from an order of said court, entered November 7, 2003 in Broome County, which, inter alia, denied plaintiff's motion for reconsideration.

Following the January 2002 commencement of this divorce action, plaintiff served three notices to produce. Defendant opposed complying with the third one which requested the names and addresses of all current and former employees, a list of all products sold, and the names and addresses of all suppliers and manufacturers for products sold by CJV, Inc., a business operated by defendant. Although plaintiff was provided a copy of the only outstanding stock certificate in CJV, showing legal ownership in Anthony Cerasaro, defendant's brother, and an admission that defendant may have an equitable interest in the business, plaintiff moved to compel production of the requested information contending that since some sales were not properly reported on the books of the corporation, the information was necessary to properly value the business. Additionally, plaintiff sought two court-ordered subpoenas, the first requiring defendant's brother to produce his income tax records for the years 1997 through 2002, and the second directing Donald Sukloff, attorney for Anthony Cerasaro's ex-wife, to produce financial documents generated in that divorce action. Supreme Court denied both plaintiff's motion and a subsequent motion to renew. Plaintiff appeals from both orders.

A trial court is vested with broad discretion to control discovery and disclosure and its determination of such issues will only be disturbed on a showing of clear abuse (*see Fox v Fox*, 309 AD2d 1056, 1057-1058 [2003]; *Allen v Krna*, 282 AD2d 946, 947 [2001]; *Getman v Petro*, 266 AD2d 688, 690 [1999]). Defendant contends that further disclosure is unnecessary since plaintiff has previously been supplied with sufficient corporate information to properly and accurately value the business and the present demand is overbroad, burdensome and irrelevant.

Defendant's admission that he may have an equitable interest in the business is sufficient to authorize discovery of the neces-

sary corporate financial records to evaluate the business (*see Galgano v Galgano*, 287 AD2d 687, 687 [2001]; *Antreasyan v Antreasyan*, 245 AD2d 405, 405 [1997]; *Avery v Avery*, 89 AD2d 633, 634 [1982]). Nevertheless, Supreme Court did not abuse its discretion in denying plaintiff's request as defendant has already provided plaintiff with sufficient corporate financial records to value the business. At this point in the litigation, plaintiff's speculative assertion that the corporate financial records do not reflect the total business revenue is not an adequate premise upon which to base the requested discovery.

With regard to plaintiff's request for subpoenas, we note that, generally, " '[d]isclosure against a nonparty is available only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial' " (*Sand v Chapin*, 246 AD2d 876, 877 [1998], quoting *King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748, 748 [1993]; *see* CPLR 3101 [a] [4]). "Whether such special circumstances have been shown to exist is a sui generis inquiry committed to the sound discretion of the court to which the application is made" (*King v State Farm Mut. Auto. Ins. Co., supra* at 748 [citations omitted]; *see Sand v Chapin, supra* at 877).

Applying these rules, we hold that Supreme Court appropriately denied issuance of a subpoena for the personal income tax returns of Anthony Cerasaro. Any payments by the corporation to him would be reflected in the canceled checks of the corporation which plaintiff already has been given. On the other hand, there appears to be no justification for denial of the requested subpoena of the matrimonial file of Patricia Cerasaro, Anthony Cerasaro's ex-wife. Notably, Anthony Cerasaro claims that he and his ex-wife reached an amicable settlement which they desire to keep private. In contrast, Patricia Cerasaro alleges that Anthony Cerasaro's ownership of CJV was not revealed during their divorce action and, thus, was not equitably distributed and that she has no objection to the release of the financial information sought from her divorce file. As this information may be relevant and probative on the issue of the extent of defendant's equitable ownership of CJV, the request for this subpoena should have been granted.

Finally, we find no error in Supreme Court's denial of plaintiff's motion to renew. This motion was based solely on plaintiff's claim that evidence in a collateral child support proceeding established that defendant had "lied" to the court concerning his ownership of the business and his income. Nota-

bly, it was plaintiff who discovered and produced this evidence (an application for credit for the purchase of a car) at the hearing. Clearly, the document existed at the time of plaintiff's original motion and plaintiff did not establish either that it was unknown at that time or that a justifiable excuse existed for not having submitted it on the first motion (*see Wahl v Grippen*, 305 AD2d 707, 707 [2003]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order entered June 30, 2003 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion seeking the issuance of a subpoena directed to Donald Sukloff for the production of the relevant portions of the divorce file of Patricia Cerasaro; motion granted to that extent; and, as so modified, affirmed. Ordered that the order entered November 7, 2003 is affirmed, without costs.