OPINION OF THE COURT
George B. Ceresia, Jr., J.
The above-captioned action arises out of alleged incidents of sexual abuse of the infant plaintiffs by defendant Riback. Criminal charges were brought against said defendant in Albany County.[1] On June 24, 2004 defendant Riback was convicted after trial of 28 counts of various sex-related crimes, including 12 felonies. The investigation leading up to the criminal charges was carried out, in part, by Sergeant Kenneth M. Fuchs and Victim Services Specialist Patrice S. Lockhart of the Town of Colonie Police Department.
Defendants contend that the techniques employed by Sergeant Fuchs and Specialist Lockhart, in questioning the alleged victims and their parents during the course of the early stages of the investigation, were improper in a number of ways. They assert, inter alia, that the infant victims were questioned continuously for lengthy periods of time without a break. They maintain that Sergeant Fuchs and Specialist Lockhart made negative comments with respect to defendant Riback during the interview, and that they frequently resorted to leading questions. Defendants have made a motion for an order for a judicial subpoena directing Sergeant Fuchs and Specialist Lockhart to give testimony at a pretrial deposition pertaining to their questioning of the alleged victims. They further request that *343 the subpoena direct that Officers Fuchs and Lockhart bring with them their entire file with respect to the questioning of individuals in connection with the criminal investigation, including the interviews of nonpárties to the instant action.
The Town of Colonie opposes the application on grounds that, under Civil Rights Law § 50-b, the court does not have subject matter jurisdiction to entertain the application, and that (under the same statute) the records are exempt from disclosure. It also maintains that the records are protected from disclosure under what is known as the public interest privilege.
Turning first to the issue concerning subject matter jurisdiction, the Town of Colonie points out that under Civil Rights Law § 50-b (2) (b) the application for disclosure with respect to documents which tend to identify the victim of a sex offense must be made “to a court having jurisdiction over the alleged offense” (see Civil Rights Law § 50-b [2] [b]). It is argued that because the criminal charges against defendant Riback were tried in County Court of Albany County, this court does not have jurisdiction to entertain the instant application. The court observes that Supreme Court is a court of original, unlimited and unqualified jurisdiction (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997]; see also NY Const, art VI, § 7; Judiciary Law § 140-b). While the crimes for which defendant Riback stands convicted were tried in County Court of Albany County, Albany County Supreme Court also had jurisdiction over the same offenses. As a court of general jurisdiction, the court finds that it has subject matter jurisdiction to entertain the instant application.
The court notes that defendants, in support of their application, have advanced the argument that production of the investigative files of Sergeant Fuchs and Specialist Lockhart are supported under the disclosure rules applicable to the New York Freedom of Information Law, commonly known as FOIL (see Public Officers Law art 6). The court, however, agrees with the Town of Colonie that FOIL is inapplicable to the instant application, since a predicate administrative proceeding to obtain the documents pursuant to FOIL was never commenced or maintained, and no FOIL determination has been rendered. In addition, judicial review of a FOIL determination is obtained through the commencement of a CPLR article 78 proceeding, not a motion in a pending action (see Public Officers Law § 89 [4] [b]).
With respect to the request for production of the Town’s files as they relate to the criminal investigation of defendant *344 Riback, as the Town of Colonie points out, it is well settled that a public interest privilege is accorded confidential communications to public officers in the performance of their duties where the public interest would be harmed by removal of the protection of confidentiality (see Cirale v 80 Pine St. Corp., 35 NY2d 113, 117 [1974]; Matter of World Trade Ctr. Bombing Litig., 93 NY2d 1, 8 [1999]). Thus, “a mere showing by a private litigant in a civil case that information sought would be helpful to secure ‘useful testimony’ is not enough to override a demonstrated or manifest potential harm to the public good” (Matter of World Trade Ctr. Bombing Litig., supra at 9, quoting Cirale v 80 Pine St. Corp., supra at 118). The court, in evaluating the applicability of the public interest privilege, must balance the needs of the litigant “with the government’s duty to try to prevent similar occurrences and to maintain the public peace and welfare” (id., citing Cirale v 80 Pine St. Corp., supra; see also Matter of Labarbera v Ulster County Socy. for Prevention of Cruelty to Animals, 277 AD2d 672, 673-674 [3d Dept 2000]).
The court is of the view that the request for production of documents, as it relates to nonparty victims, could imperil any future investigation of a similar nature (see Brady v Ottaway Newspapers, 97 AD2d 451 [2d Dept 1983], affd 63 NY2d 1031 [1984]), and could have a chilling effect with respect to the future reporting of violations of the law (see Matter of Klein v Lake George Park Commn., 261 AD2d 774 [3d Dept 1999]; Matter of Labarbera v Ulster County Socy. for Prevention of Cruelty to Animals, 277 AD2d 672 [3d Dept 2000]). The court accordingly finds that the document production as it relates to investigations involving nonparty victims should be denied under the public interest privilege by reason that it could imperil future investigations, could have a chilling effect with respect to future reporting of crimes, and (very significantly) there has been no showing that such investigations have any relevancy to the instant action. In addition, as relevant to Civil Rights Law § 50-b (2) (b), the court finds that defendants have failed to demonstrate “good cause” for the requested disclosure as it relates to nonparties to the instant action (see Civil Rights Law § 50-b [2] [b]).[2]
The court takes a different view with regard to the production of the criminal investigation files as they relate to the infant *345 parties to the instant action. In balancing the needs of the defendants against the obligations of the Town of Colonie (and considering the potential impact of such disclosure upon the infant plaintiffs), the court finds that it is highly unlikely that the requested disclosure would have a chilling effect with respect to the future reporting of crimes. No information has been provided to demonstrate that criminal investigations pertaining to the infant plaintiffs are currently pending. The question, raised by the Town, concerning the possibility that defendant Riback might be able to make use of the requested materials if his conviction is reversed on appeal is speculative, and dependent upon future events which may not occur. The Town’s argument that the disclosure would have a chilling effect upon the manner in which future criminal investigations are conducted is vague and conclusory. Overall, the court is of the view that the Town did not adequately support its claim that the requested production of documents, as it relates to the infant parties, would infringe upon the public interest. The court finds on the instant record, in balancing the interests of the defendants against the duties and responsibilities of the Town, that the public interest will not be harmed by the production of documents as they relate to the infant parties. With regard to Civil Rights Law § 50-b (2) (b), the court finds, within the context of the instant action, that “good cause” has been shown for the production of investigation files related to the infant plaintiffs (see Civil Rights Law § 50-b [2] [b]). Thus, the court determines that there is no impediment to the production of the Town’s criminal investigative files, as they relate to the infant plaintiffs in the instant action.
Turning now to the primary issue to be determined, whether or not the court should grant a judicial subpoena to compel Sergeant Fuchs and Specialist Lockhart to give testimony under oath, it is well settled that “[disclosure against a nonparty is available only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial...” (Sand v Chapin, 246 AD2d 876, 877 [3d Dept 1998] [citation omitted], quoting King v State Farm Mut. Auto. Ins. Co., 198 AD2d 748, 748 [1993]). It has been held that where the information sought is obtainable through other witnesses or sources, the motion is properly denied (see Fraser v Park Newspapers of St. Lawrence, 257 AD2d 961, 962 [3d Dept 1999]; Cerasaro v Cerasaro, 9 AD3d *346 663, 665 [3d Dept 2004]). The Town indicates that Sergeant Fuchs and Specialist Lockhart testified at the criminal trial of defendant Riback, and were examined concerning their investigative techniques. In addition, the Town maintains that much of the documentary evidence sought by defendants was furnished to defendant Riback in the course of discovery proceedings in the criminal action. What is more compelling, however, is defendants’ own proof, in which it is indicated that tape recordings were made of interviews of the alleged victims. Thus, it would appear that there may, indeed, be other sources of the same information which defendants seek.[3] The court finds that the motion requesting a judicial subpoena to compel the pretrial testimony of Sergeant Fuchs and Specialist Lockhart must therefore be denied.
The court will direct, however, that the Town of Colonie forward to the court its entire file (or files) pertaining to its criminal investigation of defendant Riback, as it relates to the infant plaintiffs for in camera review. In order to carry out the foregoing, defendants will need to inform the Town of Colonie and the court with respect to the true identity of the plaintiffs. The court will direct the defendants to forward a letter to the court and to the attorney for the Town of Colonie which provides the true names of the plaintiffs. The court will further direct that the identity of the plaintiffs and all documents received by the defendants after the court’s in camera review remain confidential, and not be disclosed to persons other than the parties to the instant action, or their counsel.
Accordingly, it is ordered that that portion of defendants’ motion and cross motion for a judicial subpoena directing Sergeant Kenneth M. Fuchs and Specialist Patrice Lockhart to give testimony regarding the interview of individuals in connection with the criminal investigation of Phillip S. Riback, M.D., is, in all respects, denied; and it is further ordered that that portion of defendants’ motion and cross motion which seeks production of the Town of Colonie criminal investigation files of defendant Phillip S. Riback is denied with respect to all alleged victims who are not parties to the instant action; and it is further *347 ordered that that portion of defendants’ motion and cross motion which seeks production of the Town of Colonie criminal investigation files of defendant Phillip S. Riback (including audio and videotape recordings of witness interviews) is granted with respect to alleged victims of defendant Riback who are parties to the instant action; and it is further ordered that within 10 days, the defendants forward to the court and to the attorney for the Town of Colonie a letter identifying the names and addresses of each of the plaintiffs in the instant action, correlating their true names with the names set forth in the caption; and it is ordered that, within 20 days thereafter, the Town of Colonie deliver to the undersigned the criminal investigation files of defendant Riback (including, but not limited to, all notes, outlines, statements, drafts of statements, documents and recordings [audio and video]), as they pertain to the infant plaintiffs, for in camera review; and it is further ordered that defense counsel may not disclose the identity of the infant plaintiffs or any of the information obtained from the Town of Colonie, its officers and employees to anyone other than a party to the instant action, the attorneys in the instant action and/or the court.

. The record does not disclose whether the criminal charges involved any of the infant plaintiffs in the instant action.

. Apart from the foregoing, there is no evidence that the instant application was on notice to nonparty (alleged) victims or their legal guardians, as required under Civil Rights Law § 50-b (2) (b). For this reason alone, the application, as it relates to nonparty alleged victims, must be denied.

. In the court’s view, information with regard to the training and qualifications of Sergeant Fuchs and Specialist Lockhart has not been shown to be relevant to the instant action. The question here is not whether the interview process in the criminal investigation may have been flawed. Rather, the question is whether or not the infant plaintiffs were subjected to abuse by the defendant.