■ VICTORIA KORAMBLYUM et al., Respondents, v MARK MEDVEDOVSKY et al., Appellants. [799 NYS2d 73]—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 10, 2005, which denied the motion of the defendants Mark Medvedovsky and Fanya Medvedovsky and the

separate motion of the defendant Alex Medved pursuant to CPLR 2304 to quash a subpoena directing a nonparty witness to appear for a deposition and to produce certain documents at the deposition, and pursuant to CPLR 3103 (a) for a protective order, inter alia, prohibiting the plaintiffs from introducing certain evidence at trial.

Ordered that the order is affirmed, with costs.

The material sought to be excluded by a protective order was not privileged under CPLR 3101 (d) (2) (*see Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648 [2004]; *Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]). Moreover, assuming that such a privilege existed, it was waived by the defendants' lack of due diligence (*see AFA Protective Sys., Inc. v City of New York*, 13 AD3d 564, 565 [2004]; *Bras v Atlas Constr. Corp.*, 153 AD2d 914, 915 [1989]; *cf. Buxton v Ruden*, 12 AD3d 475 [2004]).

Furthermore, the Supreme Court providently exercised its discretion in declining to quash the subpoena issued to the nonparty Nick Calise. The plaintiffs demonstrated that the disclosure sought was material and necessary (*see* CPLR 3101 [a] [4]), and that the information was otherwise unobtainable (*see Thorson v New York City Tr. Auth.*, 305 AD2d 666, 666-667 [2003]; *Bostrom v William Penn Life Ins. Co. of N.Y.*, 285 AD2d 482 [2001]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.