■ TATYANA SHIRINOVA et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Respondents. [824 NYS2d 137]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated February 9, 2006, as denied their motion for the issuance of a judicial subpoena duces tecum for hospital records concerning surgeries performed on two nonparties, and to preclude the defendants from offering expert witness testimony at trial or, in the alternative, to compel further disclosure of expert witness information pursuant to CPLR 3101 (d) (1) (i).

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion which was for the issuance of a judicial subpoena duces tecum for hospital records concerning surgeries performed on two nonparties and substituting therefor a provision granting that branch of the motion to the extent of directing the production of those portions of the hospital records of the two nonparties which revealed the time that each surgery was performed, including any pre- and post-operative periods, and the doctor or

doctors who performed the surgeries; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The plaintiffs commenced this action to recover damages for medical malpractice, etc., alleging that the plaintiff Tatyana Shirinova sustained peroneal nerve palsy as a result of the negligence of the defendant Dr. Jonathan Silver in performing surgery on her leg. Further, the plaintiffs alleged that Dr. Silver attempted to conceal his negligence by falsifying records to indicate, inter alia, that he examined Tatyana post-operatively on November 26, 2002 and November 27, 2002, when he did not examine her until December 2, 2002, and that he diagnosed peroneal nerve palsy as a pre-existing condition. In the motion at bar, the plaintiffs sought the issuance of a judicial subpoena duces tecum for the hospital records concerning surgeries performed on two nonparties on November 27, 2002 which they assert will demonstrate the falsity of Dr. Silver's records, for example, that he performed surgery on that day and could not have seen Tatyana as indicated. In addition, asserting that the defendants' expert witness disclosure was inadequate to satisfy CPLR 3101 (d) (1) (i), the plaintiffs sought to preclude the defendants from offering expert witness testimony at trial or, in the alternative, to compel further disclosure. The Supreme Court denied the motion. We modify.

Contrary to the plaintiffs' contention, the defendants' responses to their demands for expert witness information satisfied the requirements of CPLR 3101 (*see* CPLR 3101 [d] [1] [i]; *Hegler v Loews Roosevelt Field Cinemas*, 280 AD2d 645 [2001]). Thus, the Supreme Court properly denied that branch of the motion which was to preclude expert witness testimony or, in the alternative, to compel disclosure. However, the Supreme Court should have granted that branch of the plaintiffs' motion which was for the issuance of a judicial subpoena duces tecum to the extent of directing the production of those portions of the hospital records of the two nonparties which revealed the time that each surgery was performed, including any pre- and post-operative periods, and the doctor or doctors who performed the surgeries (*see Koramblyum v Medvedovsky*, 19 AD3d 651 [2005]; *Holiday v Harrows, Inc.*, 91 AD2d 1062 [1983]). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.