■ LINDA MORGANTI, Respondent, v MICHAEL MORGANTI, Defendant. ALEXANDRIA H. FISHER, Nonparty Appellant. [900 NYS2d 880]—In a matrimonial action in which the parties were divorced by judgment entered in 2004, nonparty Alexandria H. Fisher appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 30, 2009, as denied her motion, in effect, for a protective order quashing two subpoenas duces tecum served upon two nonparty financial institutions and prohibiting enforcement by the plaintiff of a notice of examination before trial for testimony of Webster Bank.

Ordered that the order is reversed insofar as appealed from,

on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the motion of nonparty Alexandria H. Fisher, in effect, for a protective order quashing two subpoenas duces tecum served upon two nonparty financial institutions and prohibiting enforcement by the plaintiff of a notice of examination before trial for testimony of Webster Bank is granted.

"While it is true that CPLR 3101 (a) provides for 'full disclosure of all matter material and necessary in the prosecution or defense of an action', it is also true that unlimited disclosure is not permitted, and that the supervision of disclosure is generally left to the sound discretion of the trial court" (*Silcox v City of New York*, 233 AD2d 494 [1996], quoting CPLR 3101 [a]). A party seeking disclosure from a nonparty witness must "state[ ] the circumstances or reasons such disclosure is sought or required" (*see* CPLR 3101 [a] [4]), and demonstrate that the information was otherwise unobtainable (*see O'Neill v Oakgrove Constr.*, 71 NY2d 521, 526 [1988]; *Koramblyum v Medvedovsky*, 19 AD3d 651 [2005]). Here, at this stage of the proceedings, the Supreme Court improvidently exercised its discretion in denying the motion, in effect, for a protective order quashing the contested subpoenas duces tecum and prohibiting enforcement of the contested notice of examination before trial (*see Wander v St. John's Univ.*, 67 AD3d 904, 905 [2009]; *see also Wurtzel v Wurtzel*, 227 AD2d 548, 549 [1996]).

In light of the foregoing, we need not reach the appellant's remaining contentions. Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.