Mercure, J.P.
*1523 Initially, we reject plaintiffs’ argument that defendant is not aggrieved by the denial of its motion to quash. While Supreme Court’s order compelled only Marks, who is a nonparty, to comply with the subpoena, defendant had a legal interest affected by the denial of the relief that it sought — under the CPLR, an adverse party has the right to move to quash a nonparty subpoena (see Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2304:l, C3101:23, C3120:12; see also Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 110-112 [2006]). “Moreover, [the] ability to obtain disclosure from a nonparty may be central to the outcome of the case” (Patrick M. Connors, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:22, 2012 Pocket Part at 4). Inasmuch as defendant “has a direct interest in the controversy which is affected by the result [of the order] and . . . the adjudication has a binding force against [its] rights,” it is aggrieved by the order and may maintain this appeal (Matter of Grace R., 12 AD3d 764, 765 [2004] [internal quotation marks and citations omitted]; see Koramblyum v Medvedovsky, 19 AD3d 651, 652 [2005]; Lawson v Lawson, 194 AD2d 389, 389 [1993]; see also Golub v Ganz, 22 AD3d 919, 920-921 [2005]).
Turning to the merits, CPLR 3101 (a) (4) provides that the parties to an action are entitled to “full disclosure of all matter material and necessary in the prosecution or defense of an action” from nonparties “upon notice stating the circumstances or reasons such disclosure is sought or required.” The trial court has broad discretion in determining whether the informa *1524 tion sought is “material and necessary,” terms that encompass “ ‘any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason’ ” (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). In addition, “something more than mere relevance or materiality must be shown to obtain disclosure from a nonparty witness” (Fraser v Park Newspapers of St. Lawrence, 257 AD2d 961, 962 [1999]); the party requesting disclosure must show that “ ‘sufficient independent evidence is not obtainable’ ” (Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 80 AD3d 199, 203 [2010], quoting O’Neill v Oakgrove Constr., 71 NY2d 521, 526 [1988]).
Plaintiffs seek the documents at issue to demonstrate whether hail damaged the roofs of other properties in proximity to their apartment complexes, whether the damage was sufficient to cause other property owners to submit insurance claims, and whether Marks recommended payment of those claims. Marks evidently adjusted approximately 40 other hail damage claims during the relevant time frame and indicated that he could retrieve those files on his computer by conducting a word search. In our view, the documents are relevant to both Marks’ credibility and defendant’s claim that plaintiff did not sustain a loss as a result of hail damage during the relevant policy period. Moreover, sufficient independent evidence is not obtainable. Inasmuch as “[t]he fact that the material may later be ruled inadmissible does not foreclose disclosure,” Supreme Court did not abuse its broad discretion in denying the motion to quash (Robinson v Meca, 214 AD2d 246, 249 [1995]; see Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 8 AD3d 935, 937 [2004]).
Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.