DINA M. RODOLICO, Appellant, v ANTHONY RODOLICO, Respondent. LAWRENCE HAYNES, Doing Business as ISLAND WIDE SURVEYORS, Nonparty Respondent. [971 NYS2d 64]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Quinn, J.), dated May 10, 2012, as denied that branch of her motion which was to compel the nonparty Lawrence Haynes, doing business as Island Wide Surveyors, to provide additional discovery pursuant to a judicial subpoena and subpoena duces tecum dated October 7, 2011.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In a divorce action, the entire financial history of the marriage is relevant and open for examination pursuant to CPLR article 31, and "[b]road pretrial disclosure enabling both spouses to obtain necessary information regarding the value and nature of the marital assets is deemed critical if the trial court is to properly distribute the marital assets" (*Goldsmith v Goldsmith*, 184 AD2d 619, 620 [1992]; *see Pagello v Pagello*, 17 AD3d 428, 429 [2005]; *Pechman v Pechman*, 303 AD2d 479, 480 [2003]; *Kaye v Kaye*, 102 AD2d 682 [1984]; *see also* Domestic Relations Law § 236 [B]). CPLR 3101 (a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). However, "[t]o withstand a challenge to a discovery request . . . the party seeking discovery must first satisfy the threshold requirement

that the disclosure sought is 'material and necessary,' whether the request is directed to a party (*see* CPLR 3101 [a] [1]) or[, as here,] to a nonparty (*see* CPLR 3101 [a] [4])" (*Kooper v Kooper*, 74 AD3d 6, 10 [2010]).

Here, contrary to the plaintiff's contention, further discovery with respect to the nonparty Lawrence Haynes, doing business as Island Wide Surveyors, is not "material and necessary" in the prosecution of the action (CPLR 3101 [a] [1]; *see* CPLR 3101 [a] [4]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel additional discovery (*see Galgano v Galgano*, 287 AD2d 687 [2001]; *Antreasyan v Antreasyan*, 245 AD2d 405 [1997]). Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.